THE PEOPLE, *ex relatione* Seward and others, *vs.* THE JUDGES OF THE COUNTY OF DUTCHESS.

In the *laying out of a road*, after the refusal of commissioners, the judges are authorized to reject all *parol evidence* as to the route of the road designated by the *freeholders* and passed upon by the *commissioners*, and may limit themselves to the original *application* for the road, the *certificate* of the freeholders, and the *adjudication* of the commissioners.

What shall be deemed an *orchard* within the meaning of the highway act, considered.

COMMON LAW CERTIORARI to three judges of the county of Dutchess, to review their proceedings in laying out a highway. In October, 1838, an application in writing was made to the commissioners of highways of the town of Fishkill to lay out a highway, specifying the *termini* and the *general route* of the road. A jury of twelve freeholders certified on oath, that they had personally examined the route of the highway applied for, and heard all the reasons that were offered for and against laying out the same, and that in their opinion the highway was necessary and proper. The commissioners met, and on deliberation refused to lay out the road. The applicant appealed to the judges, and laid before *them all [ *361 ] the prior proceedings. The judges met, and after hearing the proofs and allegations of the parties, reversed the decision of the commissioners, and proceeded to lay out the highway, describing the same particularly as the statute requires. On the hearing before the judges an attempt was made to prove that the route of the road passed through an orchard. In addition to this, the relators offered to prove a particular route between the points mentioned in the application as that designated by the jury of freeholders for the road. The judges held that the route mentioned in the application and the certificate of the freeholders was the only one they could notice, and that parol evidence on that subject was not admissible. The relators also offered to prove a particular route as the one the commissioners refused to pursue for the road. This evidence was also rejected, the judges holding that they were to be governed by the written evidence before them as to the route of the road, and that parol evidence could not be received to vary or alter that mentioned in the papers.

*S. Barculo*, for the relators.

*H. Swift*, contra.

*By the Court*, BRONSON, J. The question about the orchard goes to the jurisdiction of the commissioners and judges. They cannot lay out a road through an orchard of the growth of four years or more, without the

consent of the owner. 1 *R. S.* 514, § 57. But I am satisfied upon the evidence returned that the road was not laid out through an orchard. The two apple trees which stood in the lane had formerly belonged to the orchard, but they had been separated from it by a fence for several years. The two trees stood in an open lane contiguous to the public highway ; they had not been trimmed, and no care had been taken of them for a longtime ; one of the trees was dead, and the other nearly so, and in the opinion of the witnesses would never bear fruit again. The lane in which the trees stood had long been a common passage way from the public road to a [ *362 ] saw mill and was used at pleasure by the customers of *the mill owner, with the consent of the proprietor of the land. It is too much to say, that this lane, over which the highway was laid out, was an orchard within the meaning of the statute. The road as laid out passes over the circular corner of a lot or field in which there is an orchard, including in the road a piece of ground about fifty feet long, and at its greatest breadth about eight feet ; but no apple tree in the orchard is situate near the road. It may be conceded that the road could not be laid out in such a manner as to deprive the owner, either in whole or in part, of the beneficial enjoyment of his fruit trees. But we are, in effect, asked to go further, and say, that a road cannot be laid over an enclosed field, if there are fruit trees in any part of it, however distant they may be from the highway. To this doctrine I cannot subscribe. It does not follow that the whole field is an orchard because there are fruit trees in some part of it. The return is that, there is no apple tree *near* the road, and we cannot presume, for the purpose of ousting the judges of jurisdiction, that any tree was so near as to be injured by laying out and opening the road. It was incumbent on the relators to show affirmatively that the judges exceeded their powers. It is no answer to say, that the return is evasive. If it does not state the case fully, the relators should have applied for a further return.

The evidence which was offered and rejected, did not go to the jurisdiction of the judges, and whether they were right or wrong, I do not see how we can review their decision upon this common law *certiorari.* Our supervisory power over inferior tribunals, by means of this writ, except in cases where special provisions have been made by the legislature, only extends to questions touching the jurisdiction of the subordinate tribunal, and the regularity of its proceedings. If they neither exceed their powers, nor depart from the forms prescribed to them by law, their decision upon the merits of any controversy before them is final and conclusive. *Birdsall* v. *Phillips,* 17 *Wendell,* 464. *Prindle* v. *Anderson,* 19 *Wendell,* 391.

But I feel no difficulty in this case in saying that the judges [ *363 ] decided properly. The written application was *sufficiently specific, in giving the *termini* and general route of the proposed road.
It was necessary for the applicant to specify courses and distances. 1 *R.*

*S.* 514 § 59. That was the business of the commissioners, or judges, if they concluded to lay out the road. § 63, 91. The judges were sitting in review upon the decision of the commissioners. They had before them the application for the road, the certificate of the freeholders, and the decision of the commissioners refusing to lay it out—all in writing, and specifying with reasonable certainty the general route of the road. The jury had certified that a road *between certain specified points* was necessary and proper —leaving the *particular* route, as it was their duty to do, to the decision of those whose business it was to lay out the road. The commissioners had decided, in effect, that no road, on *any* route, between those points should be laid out. Upon that decision the judges were sitting in review, and it was a matter of no moment what particular route either the jury or the commissioners had examined.

Proceedings affirmed.