## SUPREME COURT.

### VAN RENSSELAER agt. DUNBAR.

On an application for service of summons by publication, where the sheriff alleged that he was unable to serve it personally; that he was fastened out of defendant's house when he went to make the service; that before arriving at the house, notice was given of his approach by the blowing of horns; that after he left the defendant's house, the blowing of horns continued, and soon the defendant appeared, following him on horseback, blowing a horn, but kept too far off to enable him to serve the summons; he, however, got near enough to defendant to inform him he had a summons for him, but was not able to come up with defendant, who rode off out of sight—and that whenever he went into that neighborhood, notice thereof was invariably given by blowing of horns, &c. *Held*, that such a case did not come within the provisions of the code (§ 135) for publication. It could not be said that the defendant could not be found, and kept concealed, &c.

*Albany Special Term, Oct.* 1849.—This was a motion for publication of the summons, as in case of an absent or concealed defendant, in an action for rent. It appeared by the affidavits of the sheriff of Albany, (in which county defendant resided,) and his deputy, that they had not, with the utmost diligence, been able to serve the summons. That they went to the defendant's residence, but his wife fastened the door, and refused admittance. Before they arrived at the house, notice was given of their approach by blowing of horns. After they left the defendant's house the blowing of horns continued, and soon the defendant appeared, following them on horseback and blowing a horn, but kept too far off to enable them to serve the summons. The deputy, however, got near enough to defendant to inform him that he had a summons for him, but he was not able to come up with defendant, who rode off out of sight, and the deputy could not serve the process. It further appeared, that whenever the officers went into that neighborhood, notice of their appearance was invariably given by blowing horns, &c.

C. M. JENKINS, *ex parte,* insisted that this was a proper case for publication. (Code, § 135.)

HAND, Justice.—By the 135th section of the code, " where the person on whom the service is to be made, cannot, after due diligence, be found in the state," &c., an order for publication can be made in the cases specified in the subdivisions of that section.   The 2d subdivision allows this order, " when the defendant, being a resident of this state, has departed therefrom, with intent to defraud his creditors, or avoid the service of a summons, or keeps himself concealed therein with the like intent, and the action arises out of contract, or the nonfeasance or misfeasance complained of, is a breach of contract."   It is contended, that in this case, the defendant keeps himself concealed within this state to avoid service of the summons.   If that were so, a case for publication is, in other respects, made out by the affidavits.   But the facts do not sustain this part of the case.   Not only must there be a failure to find the defendant within the state after due diligence, but if he is a resident, he must depart the state, or keep himself concealed therein with intent to defraud his creditors, or to avoid the service of the summons.   If he can be found within the state, the matter is left to the vigilance of the proper officers.   No doubt, if he is concealed for the above purposes, so that he cannot be found after due diligence, though temporarily, that would justify the order.   But mere inability to serve the process is not sufficient.   Suppose the defendant boldly locks himself into his house, without concealment, or, having the fleetest horse, though constantly visible to the officer, eludes pursuit, and defies all efforts to serve him with a copy of the summons, it cannot be said that he cannot be found, and keeps himself concealed.   *To conceal* is to hide, to withdraw from observation, to keep from sight.   (*Webster.*)   If the statute had only required generally, that the defendant could not be found within the state after due diligence, and the sheriff had returned *non est inventus*, perhaps that might have been sufficient, as it is said that a return of *non est inventus* is good, although the plaintiff knew where to find the defendant.   (See 2 Saund. R. 71, n. 4, (*f*), edition of 1846.)   But it requires proof of concealment with intent to defraud creditors, or to avoid the service of the summons.   Perhaps, too, these facts would lay the foundation for a proceeding to outlawry before that was abolished.   Whether a party now has *in all cases* some remedy— by the code, or by the act against absconding, concealed and non-resident debtors—or by a suit against the sheriff, it is not necessary now to determine.   (Code, §135; 2 R. S. 1; Watson on Sheriffs, 116; 2 Esp. N. P. Ca. 475.)   It is sufficient that this case is not brought within the statute, and the motion must be denied.

Motion denied.