ISAAC SNYDER v. ELIZA A. PLASS, administratrix, &c.

Where a road is ordered by commissioners of highways, to be laid out, for a part of the distance, *three* rods in width, and for the residue of the distance, which is on the bed or track of an old road, used for more than twenty years, *two* rods in width, the proceedings are not vitiated and rendered void by the provision in the order allowing a road to be opened which is only two rods wide.

Regarding the first part of the order laying out the road, up to the point of intersection with the old road, as one in perfect accordance with the powers of the commissioners, and the residue, which follows the old road, as a description of the old road to be recorded, and for the purpose of having it opened two rods in width, by a subsequent order to that effect, the whole is consistent and harmonious, and entirely within the power of the commissioners.

Viewing the proceedings in regard to the old road as proceedings to open an existing highway, merely, even if the order of the commissioner interferes with the orchard of an individual, they do not come within the language of the prohibition of the statute against laying out a highway through an orchard.

Yet *it seems* that in such a case the commissioners would have no right to deprive an owner of the benefit of his fruit trees in an orchard, of the growth

of four years or over, by an order for the opening of an old road to the width of two rods.

Even if the order for opening the old road be deemed wholly void, it can not affect the validity of the order for laying out the new road, nor the order for opening the same; nor will such invalidity justify an action of trespass against an overseer of highways for opening and working the new part of the highway, under the direction of the commissioners of highways.

THIS is an appeal by the defendant from a judgment rendered against John Plass, her intestate, by the Supreme Court, in the third district. The action was brought to recover damages for an alleged unlawful entry by Plass upon the plaintiff's premises, in the town of Saugerties and county of Ulster; and the defense was that the *locus in quo* was a public highway, and that the entry by Plass was as an overseer of highways, for the town of Saugerties for the purpose of opening and working the road under the directions of the commissioners of highways for said town. The cause was tried before Mr. Justice GOULD, without a jury, at the Ulster circuit, in May, 1860, and the plaintiff had a verdict. The justice before whom the cause was tried found the following facts: That on the 14th of November, 1855, John Plass and Abraham A. Dewitt made application in writing to the commissioners of highways of the town of Saugerties, to lay out a highway in said town. That in said application the general route of the road, the respective termini, and the parcels of land through which the same would run, were given. The applicants were both residents of the town and liable to be assessed for highway labor therein. The applicants caused the proper notices to be posted of a meeting of the freeholders on the 26th of November, 1855, to examine the ground and certify in respect to the necessity of the proposed road. On the 26th of November, 1855, twelve competent freeholders of the town appeared, were duly sworn, examined the route, heard the reasons for and against the road, and signed a certificate that the road was necessary, and the same was placed in the hands of the commissioners of highways. The commissioners thereupon gave notice that they would meet

on the 27th of June, 1856, to decide upon the application; and on that day they met and heard the parties interested, and determined that the road should be laid out, and made an order to that effect, incorporating a survey of the road; and on the 14th of August, 1856, filed the same in the office of the town clerk of Saugerties. That a portion of the road so laid out between the points at which it strikes the old road, to the point in said order called "the centre of the road known as the old churchland lane, near a hickory tree, in range with an apple tree," was laid out by the commissioners over and covering the bed of an old road used as a public highway for twenty years, the track being not over seven feet wide, bounded on the west by a side hill, and so situate as to be conveniently widened only on the east side, and that part of the survey and order was for a road only two rods wide. That at the point in this portion of the road included between the division line of Isaac Snyder and the churchland lane, the easterly line of the survey extended into an orchard of the plaintiff of the growth of seven years and over. On the 25th of August, 1856, the plaintiff appealed from the determination of the commissioners, and thereupon referees were appointed by the Ulster county court to hear the appeal. It was not suggested in the notice of appeal that the order was void because the road was laid out only *two* rods wide. The referees affirmed the acts of the commissioners, and the damages to land owners were ascertained in the manner directed by statute. The commissioners thereupon directed the removal of fences upon the highway so laid out, as required by the statute. In order to carry their determination into effect the commissioners of highways directed the original defendant John Plass, who was a regular overseer of the road district in question, to enter upon the road and dig, excavate and open the same. In pursuance of this order, Plass proceeded to discharge his duty, and entered upon a portion of the plaintiff's premises taken for said road for that purpose, and commenced the work of digging and excava-

tion, but no part of the entering upon, digging or other injuries complained of by the plaintiff, were upon that section of the road laid out but two rods wide, or on that section the survey of which bordered upon or extended on to the plaintiff's orchard or door yard, but such digging was on that portion laid out three rods wide, and did not extend into or adjoin the orchard. The said justice, upon the foregoing facts, decided as conclusions of law,

1st. That, inasmuch as one part of the proposed road was surveyed and laid out less than three rods wide, the order was void, and the commissioners, and all under them, were trespassers in carrying out said order. To which the defendant's counsel excepted.

2d. That the whole proceeding under said order was a laying out of a new road, and no part thereof could be considered the widening of an old road under the statute, as the order purported on its face to be the laying out of a new road. The proceeding in law was a laying out of a new road, and that the whole proceeding was void by reason of the same being laid out in any part but two rods wide. To which conclusion the defendant's counsel excepted.

3d. That an old road widened to two rods is a road laid out within the meaning of that section of the statute which forbids any public or private road to be laid out through any orchard or garden without the consent of the owners thereof, if such orchard be of the growth of, or said garden have been used for four years or more, and that no highway can be widened so as to encroach, extend into, or upon such orchard or garden, without the consent of the owner. And that, were the proceedings in regard to that part of said road which embraced the old track a virtual widening of the old road, the fact that the survey under which that portion of said road was thus widened extended into said orchard rendered the proceedings void.

The defendant duly excepted and appealed to the general

term, where the judgment at the circuit was affirmed; and
the defendant then appealed to this court.

*John H. Reynolds*, for the appellant.

1. The Supreme Court decided that the acts of the com-
missioners in laying out the road and the proceedings on ap-
peal affirming the same, were absolutely void, and hence, that
the defendant was not justified as an overseer of highways
in obeying the order of the commissioners, and entering on
the land of the plaintiff for the purpose of opening and work-
ing the road.   1. The proceedings of the applicants, freehold-
ers, commissioners and referees, appear to have been regular,
and they are not objected to; and make out a complete defense
to the action, unless, as the court held, the whole proceeding
was void for want of power in the commissioners to make the
order.   2. The application was to "lay out" a highway, and
the order of the commissioners is, that a highway "be laid
out" according to the application.   A part of the highway
referred to in the order, being on the bed or track of an old
road, used for more than twenty years, was directed to be of
*two rods* in width, and the residue to be *three rods* wide.
The decision below was, that the proceeding was to lay out a
new road, and that the commissioners had no power to lay
out a road less than three rods wide, and because this order
allowed a road of two rods to be opened, it vitiated the whole
proceeding, and made the defendant a trespasser, although
he commenced to open that part of the road, which was to
be three rods wide, and did not interfere with the part which
was to be two rods wide.

II. The order of the commissioners of highways was not
void for the reason which prevailed below.   1. The proceed-
ings, given by statute for *laying out, altering and discontin-
uing* highways, are in each case the same.   The application
must substantially indicate the line of road to be acted on.
And "when the commissioners of highways shall *lay* out,

*alter* or discontinue any road, either upon application to them or otherwise, they shall incorporate such survey in an order to be signed by them, &c." which is to be filed and recorded. (2 R. S. 5th ed. p. 394, §§ 69, 70.) 2. Section 119, second revised statutes, page 403, (5th ed.) provides that all public roads *laid out* by the commissioners of highways of any town *shall not be less than three rods wide,* and all private roads shall not be more than three rods wide. 3. It is also provided that all roads not recorded which have been used as public highways for twenty years or more, shall be deemed public highways, but may be *altered* in conformity to the provisions of the statute. And it is the duty of the commissioners of highways to order the overseers of highways to open all roads to the width of *two rods at least,* which they shall judge to have been used as public highways for twenty years. (2 R. S. 406, 5th ed, §§ 135, 136.) 4. The order in the present case lays out a road three rods wide for a certain distance and so far as it is entirely a new road. When it strikes the old road, which has been used as a public highway for twenty years or more, it is then, to the end, to be opened to the width of *two rods.* 5. If the commissioners had in the order directed the opening of the new part as a road three rods wide, and then directed the old part to be opened to the width of *two rods,* no objection could have been made to it. This is what they have done, in substance, and it is not a void proceeding. 6. Even if so much of the order as limits the width of the old part to two rods, is not allowed by statute, it does not vitiate and render void the order so far as it lays out a road three rods wide. 7. The two parts of the road are distinct and separate, and if the order is effectual as to the part three rods wide, there will be a continuous public road between the two extreme termini; for the old road will continue, and to it is added the new road of three rods in width. 8. The entry of Plass was upon the part of the road laid out to the width of

three rods, and he was fully justified by the order of the com-
missioners, and the defendant was entitled to judgment.

III. There was *no evidence* to show that any part of the
road, as located, interfered with the plaintiff's orchard, yet
the judge found that as to a portion of the road "the east-
erly line of the survey," at a point on the map, shown "ex-
tended into an orchard of the plaintiff of the growth of
seven years and over." 1. The finding, however, is not that
the opening of the road according to the survey would inter-
fere with any fruit trees of the plaintiff in the orchard, and
the fact must appear in order to show a want of power in
the commissioners. (*The People* v. *Judges of Dutchess*, 23
Wend. 360; *Harrington* v. *The People*, 6 Barb. 607.)
2. The proof is clear and uncontradicted that as to the east
line of the survey adjoining the plaintiff's orchard, the com-
missioners and referee actually ran the line and located the
road at that point, so as not to interfere with the orchard of
the plaintiff. 3. The Supreme Court had no warrant for the
assumption that through the whole length of the road, the
line given in the survey in the order, was the center line of
the road, for in the order it is said that as to the part three
rods wide, the line ran is the center line; but as to the part
two rods wide, nothing is said on that subject, and the proof
is, *aliunde*, that in fact it was not so intended.

*E. Cooke*, for the respondent.


I. From the nature of the case, the laying out of a road is
an entire act. The order of the commissioners, when made,
must be valid or invalid for the whole extent of the pro-
posed road. It can not be good and void for alternate sec-
tions of the route.

The order is a single adjudication by the commissioners,
for the entire route, having reference as well to the termini
as to the continuousness of the line of road. These are vital
considerations with the commissioners in determining upon

the propriety of laying the road. By destroying the one or materially changing the other, the reasons on which the adjudication was founded disappear, and the whole act fails. In *Holdane* v. *Trustees of Cold Spring*, (23 Barb. 103,) it was held that a public road must be a thoroughfare, and that therefore a *cul de sac* was not and could not be made a highway. (Pages 111, 122.) It will not do to say that that part of the order which lays the road down to the old track is valid as opening a thoroughfare through, and that the commissioners virtually refused to lay the road any further, because the freeholders have not certified to the necessity of a road to this point. The road certified to be necessary, is to run from the place of beginning in a *north-easterly direction to the Church land lane.* The point in question does not appear to be even upon the route certified ; but even if it were, a certificate that a road from the starting point to a given terminus is necessary, is not equivalent to saying it is necessary there should be a road for only a part of the way. The order of the commissioners lays this road for a considerable distance only two rods wide. For this reason the order is a nullity. The commissioners have no power to open a foot path across the lands of others. When by the order they reduce the width below three rods, they deprive it of the character of a highway. (2 R. S. 403, § 119, 5th ed.)

II. The commissioners had no power without consent to lay the road through the plaintiff's orchard of over four years' growth. (2 R. S. 395, § 72, 5th ed.)

III. The action of the commissioners can not be sustained under section 136 of the road act, which provides that "It shall be the duty of the commissioners of highways to order the overseers of highways to open all roads to the width of two rods at least, which they shall judge to have been used as public highways for twenty years." (1.) The commissioners took no proceedings to adjudge whether or not the road had been used for twenty years. (2.) Opening an old

road, adjudging it to have been used for twenty years, &c. is a judicial act requiring notice to be given to the parties interested.   This is a common law requirement, necessary to confer jurisdiction.   (*Commissioners of Highways* v. *Claw*, 15 John. 537.)   (3.) They made no order appropriate to that proceeding; neither does the order profess to have been made under that section.   (4.) They made no order appropriate to that proceeding; neither does the order profess to have been made under that section.   (5.) The order does not set forth any facts authorizing the commissioners to act under that section.   It is not even stated that the road had been used by the public for twenty years.   The record of a special and limited jurisdiction must set forth all the facts necessary to confer the power it exercises.   (27 Barb. 99, 100.) . (6.) The whole proceeding is professedly, as well as in fact, based upon an application under other sections of the statute to lay out a new road.

IV.  No adjudication by the commissioners, or by the referees on an appeal, can make it lawful to open a road through the plaintiff's orchard without his consent.   The statute declares that no road, public or private, shall be laid out through any orchard, &c. without the consent of the owner.   (§ 72.)  · The proceedings on appeal can not conclude the party against taking this objection.   Consent of the owner is absolutely necessary to authorize the commissioners to lay the road.   An appeal from an order, as unjust or unauthorized, can not be construed into a consent.   Nor are the referees appointed on the appeal, any more than the commissioners, invested with power to determine finally and conclusively upon the question, whether or not there is an orchard of four years' growth.   Where there is such orchard, neither the commissioners or the referees have any power without the consent of the owner.   They can not gain jurisdiction by deciding that they have it, and thus conclude a party. (*Ex parte Clapper*, 3 Hill, 458 ; *Harrington* v. *The People*,

6 Barb. 611; *The People* v. *Eggleston,* 13 Howard, 127; *The People* v. *Commissioners of Seward,* 27 Barb. 98.)

V. The judge was undoubtedly correct in holding that the widening of an old road into an orchard of four years' growth would come within the prohibition of this statute. Yet, as no proceeding of the kind appears in this case, and as the other was void, because it laid out a new road less than three rods wide and through an orchard, any mistake which the judge might make in this abstract proposition of his could not affect the decision of the case. The judgment was according to law, and should be affirmed.

JOHNSON, J. The road in question was undoubtedly laid out according to the requirements of the statute in all respects, up to the point of its intersection with the old road. The error complained of, and which, it is alleged, violates the entire order, is in that part of the order which affects this old road, from the point of the intersection aforesaid, to the center of the road known as the churchland lane, which was one of the termini of the road mentioned in the application to the commissioners, and in the subsequent proceedings. This old road, from the point where it was intersected by the survey to the other road known as the churchland lane, was clearly a public highway. The justice who tried the cause, finds as matter of fact, that it had been used as a public highway for twenty years. The statute provides that "all roads not recorded which have been, or shall have been, used as public highways for twenty years or more, shall be deemed public highways, but may be altered in conformity with the provisions of this title." (1 R. S. 521, § 100.) This portion of the highway embraced in the application would not have been created a public highway had the order and proceedings been entirely regular. It was such by law before, and all the power the commissioners had over it, was to alter it according to the provisions of the statute, or discontinue it. It is still an existing public highway, even if the proceedings

of the commissioners are in all respects void. The public have lost nothing, whether the commissioners have exceeded their jurisdiction or not. The right of the highway commissioners to alter this old road is prescribed by § 101 of the statute, which is to open it to the width of two rods at least. By sub. 3 of § 1 of the same title, (1 R. S. 502,) the commissioners of highways have power to "cause such of the roads used as highways as shall have been laid out, but not sufficiently described, and such as shall have been used for twenty years but not recorded, to be ascertained, described and entered of record in the town clerk's office." It will be seen, therefore, that in respect to this old road, the commissioners had power to have a descriptive survey made of it, and have such description entered of record, and also to order it opened to the width of two rods at least. This is precisely what they have done. They caused it to be surveyed, and described, as a road two rods in width, and ordered it opened according to such survey and description. It is clear, therefore, that the highway commissioners have done nothing in the premises which they were not strictly authorized to do by statute, unless it be the interference with the orchard, which will be considered in another place. Certainly there is no jurisdictional defect in any thing else they have actually done, whatever they may have intended by their proceedings. It is said in the opinion in the Supreme Court, that the record contains no allegation, and affords no evidence that the commissioners ever judged this old road to have been used for twenty years. Whether they so judged is in no respect essential to its being a public highway. The statute makes it a highway if in fact it has been used for twenty years, independent of any judgment of the highway commissioners. But it seems to me there is evidence on the face of the order, that the commissioners did regard this old road as a public highway, and treat it as such. All the rest of the route is laid out in strict accordance with the statute on the subject of laying out a new road. The line is described

by courses and distances, and is declared in the order, to be the center line, and the width of the road to be three rods. This line is brought "up to the portion of the old road." The description in the order then continues: "then on said old road," giving courses and distances, and the names of the owners of the land, "to the center of the road known as the churchland lane," which was the terminus of the route at that end mentioned in the application. This portion of the road is declared in the order to be two rods wide, and it is not declared whether the line described is the center line or not. It appears to me very clear that the reason for this change was that they regarded this old road as a highway, and intended to have it opened to the width of two rods. Their proceedings are in harmony with this view and no other. Certainly it is not to be intended that they were ignorant of the requirements of the statute in laying out new roads, nor that they intended to violate them. The intendment is in their favor; and if they have done what the statute authorized them to do, the presumption will be, that they intended to do it in accordance with the statute. But even if it should appear that they intended something contrary to the statute, and yet that the act done was in accordance with it, the unlawful or the mistaken intention would not divest the proceeding of jurisdiction. Jurisdiction does not depend upon the intention of the officer, or tribunal, undertaking to act, in a given case. The question is, does the law authorize the act?

Full and complete effect may be given to the order laying out the road, and also to the order to the defendant's intestate as overseer of highways, to open the same with the above exception referred to, in perfect accordance with the power conferred by statute upon the commissioners, and without any violation of such powers. Regarding the first part of the order laying out the road up to the point of intersection with the old road, as one strictly of that character, and the residue which follows the old road as a description of the old

road to be recorded, and for the purpose of having it opened two rods in width, by a subsequent order to that effect to the overseer of highways, the whole is consistent and harmonious and entirely within the powers of the commissioners. This interpretation unquestionably ought to be given to it for the protection of public officers, acting in good faith, if it can be done without any violence to the real nature and character of the proceeding. I can have no doubt, looking at the entire transaction, that this was just what was intended. Upon this view of the case the public will have a public highway across from one public thoroughfare to another, a part of the way, a new one three rods in width, and a part of the way an old one opened to two rods in width, both in accordance with the provisions of the statute. It is not very material that in the order the commissioners have designated it as laying out a public highway the entire distance. We are to judge according to the real character and effect of the acts, and not according to the names given them.

And when it is made perfectly apparent as it is here, that the real substance and effect of these two orders, as respects all that portion which relates to the old road were, not to lay out, and cause to be opened, *a new road,* two rods in width, but merely to make a description, for record, of an existing highway, and cause it to be opened that width, it would be dealing with names instead of things to hold that this was the actual laying out of a new road not warranted by the statute. It is true, I think, that had this all been an entirely new route, the highway commissioners could not have laid out one part three rods in width and the other part two rods. As an entire act depending wholly for its validity upon the authorized proceedings of the commissioners, it would, I have no doubt, have been void. But this is no such case. The old road was in law a public highway independently entirely of any act or proceeding of the commissioners; and it is not denied that up to that point, the power exercised was perfectly regular. Though done under one head, and one

name, they were essentially two acts, perfectly severable, and it is clear that in such case, an error, or excess of authority in one would not invalidate the other. This being so, it is not very material to inquire whether all the acts of the commissioners in describing the old road, and ordering it opened according to such description, were entirely unauthorized, because the alleged trespass was upon the new part of the road as laid out, and not upon the old road. Strictly, perhaps, in the case of an old road, which has become a public highway, by having been used as such for twenty years or more, and which has never been described and entered of record nor opened to the width of two rods, the order to open to such width should precede the survey and description, as the object of the description is to place upon the record a notice of the extent of the rights of the public. But it can not be material, in view of the question of jurisdiction, because the essential part is the order to open, and this may undoubtedly be lawfully made without any previous survey. The statute confers the power upon the highway commissioners to order all such roads opened to at least that width, without any preliminary proceeding whatever. .It would, however, be more convenient, and far safer, to have a preliminary survey as in the present case, to the end that the order to open might be more definite and certain, and be executed without any danger of mistake or misapprehension. The act of making the survey is not complained of, and for the purpose of a description for record of the road when opened, it can not be material when it was made, so that it shall describe the road accurately when opened.

Viewing the proceedings in regard to this portion of the highway in question as proceedings to open an existing highway merely, even if the order interferes with the plaintiff's orchard, they do not come within the language of the prohibition of the statute against laying out a highway through an orchard. I am inclined to the opinion, however, that in such a case, the commissioners would have no right to de-

prive an owner of the benefit of his fruit trees in an orchard of the growth of four years or over, by an order for the opening of an old road to the width of two rods. Strictly that is not laying out a road, but I think the spirit and policy of the act would protect the orchard in such a case. All that is found, however, on this subject, is "that the easterly line of said survey at the point, as shown upon the map, extended into an orchard of said plaintiff of the growth of seven years and over." It is not found that any of the trees of the orchard came within the survey, or that the owner would in any way be deprived of the beneficial use and enjoyment of any of his trees, by such survey or opening of the highway. This is necessary, in order to raise the question of jurisdiction as against the acts of the commissioners. Merely showing that one line extended into an orchard is not sufficient. (*People* v. *Judges of Dutchess,* 23 Wend. 360.) But if the necessary facts had been found, I do not think the entire order for opening the road would be rendered void by it. The order would still, I think, be valid for the opening of all the other portions of the road. This, however, is not material in the case, because in any view, even if the order for opening the old road was wholly void, it could not affect the validity of the order for laying out the new road, nor the order for opening the same. My conclusion therefore is, that the commissioners of highways had the power to do all that they have undertaken to do; and that the error, if any, is matter of form merely, and not of substance, and relates exclusively to that portion of the route designated as the old road, which from the facts found was then a lawful highway; and does not affect the other portion of the route which was properly laid out. The part where the acts complained of were done, having been regularly laid out as a highway, and such acts having been duly authorized, were lawful, and no action could be maintained.

The judgment must therefore be reversed and a new trial granted, with costs to abide the event.

Denio, Ch. J. I am of opinion that this judgment ought to be reversed. It is not denied that the road, as laid out by the commissioners and affirmed by the referees, corresponded with the one indicated by the prior proceedings. In the order of the commissioners the courses and distances are given until we come to a point described as "the portions of the old road." From thence it proceeds thus: "Thence on said old road." a certain course and distance over lands of two individuals named. The remaining courses and distances are understood to correspond with the old road, and it is added in the order, "the said portions of the highway to be two rods wide." The alleged illegality is confined to a point in the distance in which the road, as laid out, runs over the old road. It is found that this old road has been used as a public highway for twenty years. It was very narrow, it is true, and could not be conveniently wider at one point except on the east side; and in widening it in that direction it would encroach on the plaintiff's orchard, which the law forbids. It would be inconvenient (not impossible) to widen it on the west side, on account of a side hill. Now it may be that different proceedings would be required to widen the old road so as to make it two rods wide. If this be so, then that part of the order which requires that the old highway should be two rods wide is void; and the question then is, whether the whole road, as laid out, is illegal in consequence of the order adopting the old road for a part of the distance. I do not think the law requires this result. If the old road had been used as a highway twenty years, it could be so used some time longer. Whether in consequence of the difficulty of going along at the narrower part indicated, the project of a road which was applied for should be given up or not, was a question for the discretion of the commissioners, and they elected to lay out the road notwithstanding the difficulty. It may be that the public interest would be promoted by laying out a three rod road until the old road should be reached and then continue the use of the

old road to the other terminus. Of that the commissioners, not the court, were to judge. But if the order for widening the old road was valid, it does not follow that the orchard was to be intruded upon. Of course it was possible to dig down the side hill on the other side. How difficult it would be we do not know, but perhaps the commissioners did. But we should not declare the whole proceeding void, and make these public officers trespassers, on account of some inconvenience in carrying out their determination.

I have been obliged to examine the case without the benefit of the diagram, no copy of which was furnished to me. The witnesses, however, have sufficiently indicated the local particulars necessary to be considered.

All the judges, except WRIGHT, J. concurring,

Judgment reversed.