ISAAC SNYDER, Respondent, *v.* WILLIAM H. TRUMP-
BOUR and Others, Commissioners of Highways of the Town
of Saugerties, and JOHN PLASS, Appellants.

*Highways— Width of Road—Improved Lands—Injunction.*

Where the Commissioners of Highways order a road to be laid out for a
part of the distance, three rods in width, and for the residue of the distance,
which covers the bed or track of an old road used for more than twenty
years, two rods in width, the proceedings are not thereby vitiated.

An injunction will not for such cause lie to restrain the Overseer of High-
ways from opening such road.

This is an appeal by the Defendants from a judgment of the
Supreme Court in favor of the Plaintiff, rendered in the Third
District.

The action was brought to restrain the Defendants from open-
ing a highway upon the premises of the Plaintiff, which was
claimed by the Defendants to have been legally laid out by the
commissioners of highways, and that Plass, who was an overseer
of highways of the town, entered upon the premises under the
direction of the commissioners for the purpose of opening the
road.

The cause was tried before Mr Justice Gould, without a jury,
at the Ulster Circuit, in May, 1860, and the Plaintiff pre-
vailed.

The Justice before whom the cause was tried found the following
facts :

That on the 14th of November, 1855, John Plass and Abraham
A. Dewitt made application in writing to the commissioners of
highways of the town of Saugerties, to lay out a highway in said
town. In said application the general route of the road, the re-
spective termini, and the parcels of land through which the same
would run were given. The applicants were both residents of
the town, and liable to be assessed for highway labor therein. The

applicants caused the proper notices to be posted of a meeting of the freeholders on the 26th of November, 1855, to examine the ground and certify in respect to the necessity of the proposed road.

On the 26th of November, 1855, twelve competent freeholders of the town appeared, were duly sworn, examined the route, heard the reasons for and against the road, and signed a certificate that the road was necessary, and the same was placed in the hands of the commissioners of highways.

The commissioners thereupon gave notice that they would meet on the 27th of June, 1856, to decide upon the application; and on that day they met and heard the parties interested and determined that the road should be laid out, and made an order to that effect, incorporating a survey of the road; and on the 14th of August, 1856, filed the same in the office of the town clerk of Saugerties.

That a portion of the road so laid out between the points at which it strikes the old road, to the point in said order called " the centre of the road known as the old churchland lane, neai a hickory-tree, in range with an apple-tree," was laid out by the commissioners over and covering the bed of an old road used as a public highway for twenty years, the track being not over seven feet wide, bounded on the west by a side hill, and so situated as to be conveniently widened only on the east side, and that part of the survey and order was for a road only two rods wide.

That at the point in this portion of the road included between the division line of Isaac Snyder and the churchland lane, the *easterly line of the survey extended into an orchard* of the Plaintiff of the growth of seven years and over.

On the 25th of August, 1856, the Plaintiff appealed from the determination of the commissioners, and thereupon Referees were appointed by the Ulster County Court to hear the appeal. The Referees affirmed the acts of the commissioners, and the damages to land-owners were ascertained in the manner directed by statute.

The commissioners thereupon directed the removal of fences

upon the highway so laid out, as required by the statute. That in order to carry their determination into effect the commissioners of highways directed the Defendant, John Plass, who was a regular overseer of the road district in question, to enter upon the road and dig, excavate, and open the same.

That in pursuance of this order, Plass proceeded to discharge his duty, and entered upon a portion of the Plaintiff's premises taken for said road for that purpose, and commenced the work of digging and excavation; but no part of the entering upon, digging, or other injuries complained of by the Plaintiff, were upon that section of the road laid out but two rods wide, or on that section of the survey which bordered upon or extended on to the Plaintiff's orchard or door-yard, but such digging was on that portion laid out three rods wide, and did not extend into or adjoin the orchard.

The Justice also found, among others, the conclusions of law as reported in Snyder *v.* Plass (28 N. Y. 465).

The said Justice, upon the foregoing facts, decided as matter of law, that inasmuch as one part of the proposed road was laid out less than three rods wide, the order was void, and the commissioners, and all acting under them, were trespassers, and ordered an injunction against Defendants. The questions made are sufficiently stated in the opinion.

The Defendants duly excepted and appealed to the General Term, where the judgment at the Circuit was affirmed, and the Defendants appeal to this Court.

*John H. Reynolds* for Appellants.
*Erastus Cooke* for Respondent.

MILLER, J.—In Snyder *v.* Plass (28 N. Y. 465) the Plaintiff in this action brought an action to recover damages for an alleged unlawful entry of the Defendant, who was an overseer of highways, acting under the directions of the commissioners of highways, who are Defendants in this case, upon the premises of the Plaintiff, in opening and working a portion of the road in question, and it was held that the Plaintiff could not recover.

The decision of the Court was in part upon the ground, that where a road was ordered by commissioners of highways to be laid out for part of the distance three rods in width, and for the residue of the distance, which was the bed or track of an old road used for more than twenty years, two rods in width, the proceedings are not vitiated and rendered void by the provision in the order allowing a road to be opened which is only two rods wide. It was further held, that regarding the first part of the order laying out the road, up to the point of intersection with the old road, as valid, and the residue as a description of the old road to be recorded, and for the purpose of having it opened two rods in width by a subsequent order to that effect, the whole is consistent and harmonious, and entirely within the powers of the commissioners. It was also decided that the fact that one line of the survey extended into an orchard of over four years' growth, was not of itself sufficient to make out a case within the language of the prohibition of the statute against the laying out of a highway through an orchard, yet in such case the commissioners would have no right to deprive the owner of the benefit of fruit-trees in an orchard of the growth of four years or over, by an order for the opening of an old road to the width of two rods. The facts in this case at bar, and the one cited, are essentially alike, and the only apparent difference seems to be that the one cited was for an entry upon the Plaintiff's premises, while the case under consideration is for an injunction to restrain the commissioners from making any such entry. In attempting to make a distinction between them, and as a view of the subject not embraced in the case decided, it is claimed by the counsel for the Respondent that there is an impossibility of identifying the line of the road, as laid by the commissioners, with that applied for, certified to by the freeholders and described in the notice of the commissioners.

It is not entirely apparent that any such difficulty exists from an examination of the case. It does not appear from the findings of the Court upon the trial, and I am unable to discover it elsewhere. The notice describes the road as commencing at the shop

of Jeremiah Wolven, and running a northeasterly course to the farm of Andrew Dewitt, Jr., thence to the churchland lane, near the house of Isaac Snyder, and as passing through or over the improved lands of Jeremiah Wolven, and the unimproved lands of several persons, including the land of the Plaintiff, and the terminus must be considered, I think, as located according to the survey at the centre of the road known as the old churchland lane, in conformity with the application, although to reach this terminus the old road is included in the survey.

As we have seen, the Court have held that the proceedings are not void because a part of the route is over the old road, and thus have passed upon the question as to the termination of the road, and we are not at liberty to treat it as a new question not presented in the former hearing of the case.

It is said that the terminus is reached in a different direction from that described in the notice, and so far at variance with the original application as to render the proceedings void on that account. This fact is not proved by direct evidence. No map or diagram was introduced to establish any such divergence from the road applied for, nor was any such point presented and considered in the Court below or in the case cited.

The road as surveyed was no doubt located through other improved lands besides those which were mentioned in the original notice, and it would appear through the improved land of the Plaintiff, but it is by no means manifest from the case itself, or the findings, that the general route proposed was not followed, or that any new route was pursued essentially different from the one contemplated. On the contrary, the Justice who tried the cause has found that the freeholders, after examining the route of the proposed highway, did make and sign a certificate that it was necessary and proper; that the commissioners gave the requisite notice, determined to lay out the highway, and did sign a certificate of such determination describing the road, according to a survey which they had previously caused to be made. With the facts presented, it is difficult to see how there can be any real foundation for the claim made that the road in its general course differed

entirely from the one applied for. The mere fact that the road passed through improved lands other than those mentioned as such in the application, of itself does not establish the material change alleged to have been made, and at most shows that lands stated to be unimproved, actually were improved lands.

It is also urged as a feature of the case to which the attention of the Court was not directed upon the argument of the case cited, that the notice of the meeting of the commissioners was necessary to give jurisdiction to lay the road over improved land.

The case and the findings of the Court show that notice of the application was duly served, and that the commissioners, before determining to lay out the road, caused notice in writing made and subscribed by each of them, specifying the time and place where they would meet to decide upon the application, to be served in due form of law upon the respective occupants of the several tracts of land through which the road was to run. The fact that the notice did not specify that the lands of the Plaintiff, and others, were improved lands, which appears ' to be the basis of the objection made, I think was not mentioned, nor of a vital character. No notice is necessary when the lands are unimproved. (R. S. Part 1, Chap. 16, Tit. 1, Art. 4, § 55–62, pp. 473, 474, 1 Vol. Ed. ed.) And notice having been given to the occupant of the land, it was not defective because it erroneously stated that some of the lands improved were unimproved. It was sufficient, I think, to confer jurisdiction that the party had notice of, and abundant opportunity, to be heard upon the application.

It is also insisted that the establishment of a new road over that part of the route, described as two rods wide, was void for two reasons. First : Because the statute allows no such road to be laid out; and Second : That it was laid out through the Plaintiff's orchard in defiance of the statute. The decision of the Court in the case cited, I think, disposes of and covers these objections. Johnson, J., in his opinion, holds that the commissioners had the power in respect to the old road to have a descriptive survey made of it, to have the description entered of record, and to order it

opened to the width of two rods at least; that this was precisely what they had done, and what they were strictly authorized to do by statute, unless it be the interference with the orchard. As to the orchard, he holds that the finding of the Court that one line of the survey extended into an orchard, was not enough to establish that it would interfere with the orchard, and that it should have been proved that the trees came within the survey, and that the owner would be deprived of the beneficial use and enjoyment of the trees by such survey or opening of the highway.

Judge Denio's opinion, as I understand, is not in conflict with these views on either of the points suggested. And, as we have seen, both of the learned Judges agree that even if the order opening the old road was illegal, it did not affect the validity of the order laying out the new road. It would therefore appear to be unimportant whether the old road was properly laid out and opened, for it is proved to the Court in this case, as well as the one cited, that the entry of the Defendants complained of and proved upon the trial of this cause, and to restrain the Defendants from proceeding with which this action is brought, was made on that part of the road which is three rods in width, and did not extend into or adjoin the Plaintiff's orchard. The two cases are so entirely similar and identical that it is not easy to discover a distinction between them which would justify a disregard of the one cited as authority. The questions involved upon this appeal must therefore be considered as res adjudicata, and if the action to recover damages for the entry of the Defendant Plass, under the directions of the commissioners, who are Defendants here, cannot be sustained, then it necessarily follows that an action will not lie to restrain the Defendants from opening the road in question.

Some other points are pressed upon our consideration, based upon the hypothesis that the questions involved in this case are undecided; but if the views I have expressed are sound and maintainable, it is not necessary to discuss them.

The judgment of the General Term and at the Circuit should be reversed, and a new trial granted, with costs to abide the event.

All reverse.