By the Court.—Sanford, J.
The “Act to facilitate the service of process in certain cases” (Laws of 1853, ch. 511), materially enlarges the power of courts and 'judges to dispense with the necessity of personal service; and, without directly amending the Code, in terms, greatly modifies its provisions with respect to the manner in which the service of a summons may be made. Under subdivision 2 of section 135 of the Code, *171 service by publication can only be made when it appears by affidavit to the satisfaction of the' court not only that the person upon whom service is to be made cannot, after due diligence, be found within the State, but also, if he be a resident of the State, that he has departed therefrom, with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent. Satisfactory proof must be furnished, as well of such departure or concealment, and with the intent aforesaid, as of the fact that the person upon whom service is to be made cannot be found.
In Towsley v. McDonald (32 Barb. 604), a judgment rendered upon service by publication was held void for want of jurisdiction, because the affidavits on which the order of publication was made failed to show an intent to defraud creditors or to avoid the service of a summons, although it sufficiently appeared that the defendant was a resident of the State, and could not be found therein, but had either departed therefrom or kept himself concealed. And in that case the court refused to infer an intent to avoid service from the fact of departure or concealment, in the absence of proof that a suit was threatened, expected or feared.
In Van Rensselaer v. Dunbar (4 How. Pr. 151), an order for publication was refused, where the officer who had the summons saw and pursued the defendant, but failed to effect service, by reason of the superior fleetness of defendant’s horse. It was remarked in that case, that if the statute had only required, generally, that the defendant could- not be found within the State, and the sheriff had returned non est inventus, that might have been sufficient; as it is said that a return non est inventus is good, even if the plaintiff know where to find defendant. But inasmuch as the defendant, although not to Yucfound, could not also be said to have concealed himself with intent to avoid the ser *172 vice of a summons, it was held that the case was not brought within the statute, and the application was denied.
The act of 1853, authorizing substituted service, is applicable either to cases in which the defendant, if a resident of the State, cannot be found, after proper and diligent effort to effect service upon him, or to cases in which, if found, he avoids or evades such service. The provisions of the act are in the alternative form. They are not coupled conjunctively, as is the case in the Code. If, therefore, it sufficiently appeared by the affidavit upon which the order was made, that the defendant Daniel S. Youngs could not be found, no question being made as to the earnestness and diligence of the effort to find him, the order was properly granted, and the motion to vacate it was properly denied.
I think the word found is used in the statute in its technical sense, as the equivalent of the Latin word inventus, which has long been employed in legal practice. Indeed, the two words are synonymous, as well in them general as in their technical use. “ To find,” says Webster, “coincides in origin with venio, but in sense with invenio.” And the literal signification of invenio is to come upon, to get at. The primary definition of to find, as given by Webster, is to come to, to meet; and hence, to reach, to attain to, to arrive at. It appears by the affidavit upon which the order now in question was made, that the deputy charged with the service of the summons in this suit was quite unable to reach or get at the defendant so as to serve him personally; and such inability afforded sufficient warrant for resorting to the remedy which the statute affords in cases where the defendant cannot be found, even although no attempt may have been made by the defendant to avoid or evade such service. For this reason, I am of opinion that the order for substituted *173 service was not irregularly or improvidently granted, notwithstanding it appears on its face to have been made on the ground of an avoidance or evasion of service, and not upon the ground above considered. Every intendment is in favor of the jurisdiction ; and ‘‘ jurisdiction does not depend upon the intention of the officer or tribunal undertaking to act. The question is, Does the law authorize the act?” (Snyder v. Plass, 28 N. Y. 465).
I cannot assent to the proposition that the affidavit shows either an avoidance or evasion of service on the part of Mr. Youngs, since there is no proof whatever that he suspected or believed, or had reason to suppose that a suit was about to be instituted against him, or that process or papers were about to be served. But inasmuch as it appeared that he could not by proper and diligent effort be found, and personal service could not, for that reason be made, I am of opinion that the motion to vacate was properly denied, and that the order appealed from should be affirmed with costs.
Freedman, J., concurred.