(13 Misc. Rep. 331.)

### DAVIS v. BONN.

(City Court of New York, General Term. June 27, 1895.)

JUDGMENT—RES JUDICATA—MUTUALITY.

A judgment for plaintiff in an action to recover wages, in which it was alleged that defendant had wrongfully discharged plaintiff, is not conclusive on defendant as to the wrongful discharge in a subsequent action by a labor association against defendant for breach of a contract by which defendant agreed, under a penalty, to employ workmen furnished by the labor association, the alleged breach of which contract was the wrongful discharge set up in the former action, as the claims in the two actions are not of the same character, nor between the same parties.

Appeal from trial term.

Action by Solomon Davis, as treasurer of the United Brotherhood of Tailors, against Michael Bonn. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN WYCK, CONLAN, and NEWBURGER, JJ.

Manheim & Manheim, for appellant.

Fromme Bros., for respondent.

CONLAN, J. Appeal from a judgment entered on the verdict of a jury by direction of the court, and from an order denying a motion for a new trial. This action was commenced to recover the sum of $400, claimed to be due the plaintiff, under and by virtue of a certain bond executed by the defendant to the plaintiff. The bond refers to an agreement between the parties, and it is for a breach of one of the covenants of this agreement that plaintiff claims to recover the amount stipulated in said bond.

The terms and conditions of said agreement material to this case are as follows:

First. The said party of the second part [meaning defendant], in consideration of one dollar and other good and valuable consideration, does hereby agree to employ none but members in good standing of the said party of the first part.

Second. That, in consideration of the agreement hereinabove, the said party of the first part [meaning plaintiff] does hereby agree to furnish, upon demand of the said party of the second part, a sufficient number of workingmen, members of the corporation aforesaid, party of the first part.

The answer of the defendant admits the making of the bond and agreement, and alleges a breach of plaintiff's covenant to supply workingmen to the defendant. Plaintiff introduced the bond and agreement, and evidence that on the 13th day of November, 1894, and about one month after the making of said bond and agreement, the defendant was not employing men supplied by the plaintiff. The evidence of the defendant shows that he is a manufacturer of garments; that on the 31st day of October, 1894, one Morris Greenberg was working in his shop, with several others supplied by the plaintiff, when a dispute arose between said Greenberg and defendant, which resulted in Greenberg leaving the shop of the defendant. Shortly afterwards, and on the same day, a Mr. Schoenfeldt, who was the walking delegate of the plaintiff, called at defendant's shop, and took away all the men furnished by the plaintiff to the defendant. Subsequently, and on the 17th day of November then next, one Bannon, as assignee of Greenberg, commenced an action in the Seventh judicial district court to recover his (Greenberg's) week's wages from the defendant, on the ground that he had been wrongfully discharged. The defendant answered that he (Greenberg) unjustly left his employ, and that he was willing to retain him. Judgment was entered against the defendant for the amount claimed.

On the trial of this action, the defendant undertook to show that he had not violated the terms of the agreement by arbitrarily discharging or refusing to employ workmen furnished by the plaintiff; whereupon plaintiff's counsel offered in evidence the judgment roll in the district court action as res adjudicata of the wrongful discharge of Greenberg by defendant. Defendant's counsel objected to the introduction of the roll, as not binding on the defendant. The objection was overruled, and the court said in admitting it:

"The Court: In this case there cannot be any question but that all of the issues embraced in the pleadings in that action is res adjudicata so far as this action is concerned. Therefore it must appear that if this man discharged him without cause, and if he had no justifiable reason for discharging him, he could not have recovered. * * * Bannon could not have recovered until he first proved his cause of action. (Exception taken by defendant.)"

The subsequent rulings of the court were all consistent with the view he entertained of the admissibility and pertinence of the roll. It will therefore not be necessary to discuss the ruling and exception in detail. The court, in directing a verdict, stated clearly his reasons for excluding testimony as to what occurred between Greenberg and defendant, and also between defendant and plaintiff, respect-

ing the employment of men under the agreement, as follows: "The Court: I will direct a verdict in favor of the plaintiff, and give you my reasons." In this case, under the contract made between the plaintiff and the defendant, the defendant was to employ all members of the plaintiff's union against whom the defendant could have no reasonable or proper objection, either as to their competency or their willingness to do the work or carry out any contract that was made with them. The sole complaint of the defendant in this action is directed against the alleged misconduct of Mr. Greenberg. Testimony of that character is inadmissible in this action, for the reason that it was determined in the action of Bannon against Boon in the Seventh district court, which judgment roll is marked in evidence here. It was determined, by reason of the issues in that action, that Greenberg was a faithful workman, and performed his contract, whatever it was, with the defendant. We think the admission of the judgment roll was error. It was not between the same parties, nor are the claims of the same character. It will not be contended that, if the judgment had been in favor of the defendant, it would have concluded the plaintiff in an action on the bond. There was therefore an entire lack of mutuality necessary to make the judgment res adjudicata or as an estoppel of record.

In Malsky v. Schumacher (Com. Pl. N. Y.) 27 N. Y. Supp. 331, the court says: "An estoppel, to be effectual, must be mutual."

In Furlong v. Banta, 80 Hun, 248, 29 N. Y. Supp. 985, Judge Herrick, in writing the opinion, says:

"To render a judgment roll admissible in evidence for the purpose of concluding the parties as to the facts litigated in a former action, it is not sufficient that the facts or issues should be the same in both actions. In addition thereto, the parties in the second action must have been parties in the first action, or their privies, and the judgment therein must have been conclusive as to both parties."

See Booth v. Powers, 56 N. Y. 33; Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.