GEORGE HEIN, Appellant, Respondent, v. THE SULZBERGER & SONS COMPANY OF AMERICA, Respondent, Appellant, Impleaded with ROY D. WHITE, Respondent.

Fourth Department, December 6, 1916.

Negligence — action against corporation and its superintendent as codefendants — verdict of no cause of action against superintendent inconsistent with verdict against corporation.

Where the plaintiff in an action for negligence brought against a corporation and its superintendent individually as codefendants, and no negligence is alleged save that of the superintendent, and it is sought to hold

the corporation solely under the doctrine of *respondeat superior* and not as a joint tort feasor, a verdict of no cause of action against the superintendent is inconsistent with a verdict against the corporation, for the liability of the latter depends entirely upon the negligence of its superintendent.

APPEAL by the plaintiff, George Hein, from a judgment of the Supreme Court in favor of the defendant Roy D. White, entered in the office of the clerk of the county of Erie on the 16th day of November, 1916, upon the verdict of a jury for no cause of action.

Appeal by the defendant, The Sulzberger & Sons Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 10th day of April, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of May, 1916, denying its motion for a new trial made upon the minutes.

*Frank J. Fitzpatrick,* for the plaintiff.

*Harold S. Rankine,* for the defendant The Sulzberger & Sons Company of America.

PER CURIAM:

The plaintiff seeks to recover damages in this action by reason of acts of negligence of defendant White while acting as superintendent of defendant The Sulzberger & Sons Company of America, joining the superintendent individually as a codefendant with his principal. No negligence is alleged save that of the superintendent. The jury returned a verdict of no cause of action against defendant White, the superintendent, but found for the plaintiff against the principal, The Sulzberger & Sons Company of America, in the sum of $3,500.

We think such verdict was inconsistent, and leads to reversal of the judgment and to a new trial. Liability of the principal could only be predicated upon the negligence of White, its superintendent, under the doctrine of *respondeat superior.* The company's liability was not that of a joint tort feasor, but was purely derivative and secondary. The jury by its verdict absolved White from any imputation of negligence or else must have found that plaintiff's conduct was so negligent as to defeat

any recovery. In either case such finding was in effect that the defendant company was not negligent. Having found the defendant White blameless, the only consistent verdict which the jury could have rendered as to the defendant The Sulzberger & Sons Company of America, was one of no cause of action. The evidence seems sufficient to charge both defendants, but in view of the verdict in favor of defendant White, no verdict should have been rendered against the defendant company. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228.)

Both judgments entered on the verdict of the jury should be reversed and a new trial granted, with costs to the appellant in each appeal to abide the event.

All concurred.

Judgments and order reversed and new trial granted, with costs in each appeal to the appellant to abide the event.