NELL ST. JOHN, Appellant, v. STANLEY C. FOWLER, Respondent.

**Usury — finding charging principal with usurious acts of agent, although innocent herself, erroneous — when finding of usury in foreclosure suit not res adjudicata in subsequent action by same plaintiff to recover upon covenant in assignment of mortgage — plaintiff cannot recover against her assignor where she, herself, proves that she was not guilty of usury and that the mortgage was good as to her.**

1. A person intrusting an agent with money for investment is not affected by the acts of his agent in charging usury unless he had knowledge of the transaction or assented to it or received some benefit from it. A finding, therefore, charging the plaintiff with the usurious acts and knowledge of her agent, although innocent herself, is erroneous.

·2. The fact that, in an action to foreclose a mortgage, judgment has been rendered against this plaintiff, on the ground of usury, will not sustain a contention, in this action brought by her against her assignor, to recover upon the covenant against usury in the assignment, that the said covenant has to be supported by the original consideration and that it shares in the taint of its illegality. The parties to the present action are not the same and there is lacking that mutuality or privity which makes the prior judgment binding upon the plaintiff in this action.

3. Plaintiff, however, cannot recover since the trial justice has found in this action, upon sufficient evidence, that the plaintiff had no participation in violating the law. The fact that the plaintiff is not charged with usury makes the mortgage good as to her. In this action she is suing the defendant because of a breach of warranty or the falsity of his estoppel certificate. She has proved that there has been no breach of warranty by the defendant and that the estoppel certificate is true.

*St. John* v. *Fowler*, 183 App. Div. 698, affirmed.

(Submitted April 20, 1920; decided July 7, 1920.)

APPEAL from a judgment entered July 12, 1918, upon an order of the Appellate Division of the Supreme Court in the second judicial deportment, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel H. Sternberg* for appellant.   Plaintiff not having any knowledge of the illegality of the transaction, is entitled to recover.   (*Saltzsider* v. *Saltzsider*, 219 N. Y. 523; *Townsend* v. *Hirshkind*, 176 App. Div. 520; 223 N. Y. 698; *Henry* v. *Allen*, 151 N. Y. 1; *Bienenstock* v. *Ammidown*, 155 N. Y. 47; *Stillman* v. *Northrup*, 109 N. Y. 473; *Van Wyck* v. *Watters*, 81 N. Y. 352; *Estevez* v. *Purdy*, 66 N. Y. 446; *Insurance Co.* v. *Kashaw*, 66 N. Y. 544; *Phillips* v. *MacKellar*, 92 N. Y. 34.)   The judgment roll in the foreclosure action is not *res judicata.*   (*Anderson* v. *Culver*, 127 N. Y. 377; *Butterworth Co.* v. *Sturtevant Co.*, 176 App. Div. 528; *Raymond* v. *Richmond*, 78 N. Y. 351; *Brooks* v. *Wilson*, 125 N. Y. 256; *Winston* v. *Starke*, 12 Gratt. [Va.] 317; *Van Camp* v. *Fowler*, 61 Hun, 626; 133 N. Y. 600; *Booth* v. *Powers*, 56 N. Y. 22; *Shipman* v. *Rollins*, 98 N. Y. 311; *Moore* v. *City of Albany*, 98 N. Y. 396; *Fish* v. *Vanderlip*, 218 N. Y. 29.)

*Grant Hoerner* and *Roscoe C. Peck* for respondent.   The only theory upon which the plaintiff would be entitled to recover, if at all, is that she made the loan in good faith, believing in and relying upon the covenant in the so-called assignment, thereby estopping the defendant to deny his liability, but plaintiff made no such claim. (*Wilcox* v. *Howell*, 44 N. Y. 398; *Payne* v. *Burnham*, 62 N. Y. 69; *Mechanics Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 599; *Bridger* v. *Goldsmith*, 143 N. Y. 424; *Malloney* v. *Horan*, 49 N. Y. 111; *Shapely* v. *Abbott*, 42 N. Y. 443; *Haines* v. *Barber*, 113 App. Div. 696; 16 Cyc. 720; *Saxton* v. *Dodge*, 57 Barb. 84; *Colvin* v. *Shaw*, 61 N. Y. S. R. 174; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 114; *Schafer* v. *Reilley*, 50 N. Y. 61; *Greene* v. *Warwick*, 64 N. Y. 225; *Westbrook* v. *Gleason*, 79 N. Y. 30; *Viele* v. *Judson*, 82 N. Y. 38; *Bennett* v. *Bates*, 94 N. Y. 363.)

The plaintiff cannot recover in this action because the covenant in the assignment of the mortgage is supported by an illegal consideration. (*Barton* v. *P. J. & U. F. F. R. Co.*, 17 Barb. 397; *Goodrich* v. *Houton*, 55 Hun, 526; *Shanz* v. *Sotscheck*, 167 App. Div. 202.)

CRANE, J. In December of 1908, Jerre F. Collins and Kate F. Collins, his wife, made, executed and delivered a bond and mortgage to the defendant, Stanley C. Fowler, in the sum of $1,500, interest being payable at the rate of six per cent. The mortgage was without consideration and given by Collins to Fowler, who was his attorney, in order to negotiate a loan. Thereafter and on the second day of January, 1909, Fowler assigned, transferred and set over unto this plaintiff the said bond and mortgage covenanting in the assignment as follows: "And the party of the first part does hereby covenant with the party of the second part and the legal representatives, successors and assigns of the party of the second part, that there is now owing upon said mortgage, without offset or defense of any kind, the principal sum of fifteen hundred ($1,500) dollars and interest thereon at the rate of six per cent per annum from the 16th day of December, 1908."

On behalf of the plaintiff the loan was made through her agent, George E. Loeffler, who exacted a bonus or sum in excess of legal interest which was paid to him. He knew that Fowler had taken the mortgage without consideration and for the purpose of procuring a loan for his client, the owner of the equity. The plaintiff, however, Nell St. John, knew nothing of this illegal action upon the part of her agent and did not authorize the usury. She gave to Loeffler $1,500 to invest at six per cent and knew nothing of his demanding more.

In the foreclosure action brought by Nell St. John against Collins and his wife, this transaction was declared usurious and judgment was rendered against the plaintiff. She thereupon brought this action against Stanley C.

Fowler, the lawyer, to recover upon his covenant in the assignment or the estoppel certificate above recited. The trial judge found as follows: " That plaintiff did not authorize the making of a usurious loan, nor was she a party thereto nor had she, at any time, any knowledge that any usury had been exacted, nor did she ever assent to such a transaction, nor did she at any time receive any part of the bonus, all of which was retained by her agent."

Judgment was thereupon given for the plaintiff for the full amount due upon the bond and mortgage.

The Appellate Division in reversing this judgment affirmed all the findings of fact except the one just given and in its place made a new finding reading as follows: " That plaintiff authorized the making of said loan, acting through her agent, Loeffler, and left the details of said loan to her said agent, and had knowledge of or is chargeable with knowledge of all his acts in connection with the making of said loan."

As there was no evidence connecting the plaintiff with the transaction the Appellate Division has apparently charged the plaintiff with the acts and knowledge of her agent although innocent herself.

It has long been the law that a person intrusting an agent with money for investment is not affected by the acts of his agent in charging usury unless he had knowledge of the transaction or assented to it or received some benefit from it. (*Condit* v. *Baldwin*, 21 N. Y. 219; *Van Wyck* v. *Watters*, 81 N. Y. 352; *Stillman* v. *Northrup*, 109 N. Y. 473; *Bienenstok* v. *Ammidown*, 155 N. Y. 47.)

The finding of the Appellate Division, therefore, would not justify reversal of the plaintiff's judgment unless it can be placed upon some other ground.

It is said that this covenant has to be supported by the original consideration and that it shares in the taint of its illegality. This would not be so unless the judgment recovered in the foreclosure action is binding upon the

18

plaintiff here or she is herself guilty of taking usury. In the foreclosure case (*St. John* v. *Collins*, 146 App. Div. 924; affd., 207 N. Y. 712) the plaintiff failed to recover as above stated because it was found as a fact that she authorized the bonus. The parties to the present action are not the same and there is lacking that mutuality or privity which makes the prior judgment binding upon the plaintiff in this action.

The rule is that a judgment in another action cannot be admitted save for or against parties or privies to it; it being received on the principle of estoppel; to which it is essential that it should be mutual. (*Booth* v. *Powers*, 56 N. Y. 22.)

The defendant was neither a party or privy to the foreclosure suit, nor did he have the right to control the conduct of the litigation and appeal from the judgment. (*Fish* v. *Vanderlip*, 218 N. Y. 29.) Neither was the defendant " vouched in " even if he could have been. (*Heiser* v. *Hatch*, 86 N. Y. 614.)

As to the plaintiff, therefore, this mortgage was not usurious. Neither was the judgment of foreclosure binding upon the parties to this suit.

Examination of the record in the foreclosure case reveals that the evidence was much different from that in this case. Upon the first trial Loeffler, the plaintiff's agent, alone, testified in her behalf. He attempted to account for her absence by saying that she was traveling on business in the west. She had been notified by him that her case was coming on for a hearing and yet she did not appear. He was the person who had the money, had made the loan and had committed the wrong. A suspicion was raised as to whether or not the plaintiff was an actual person instead of a dummy. However this may be, Loeffler, a questionable witness, was interested and his testimony was submitted to the trial justice to pass upon his credibility. He did not believe Loeffler and made a finding that Nell St. John took the assignment

with notice of the usurious agreement and refused to find that it was done without her knowledge and assent. This finding supported by some evidence or the inferences to be drawn therefrom resulted in an affirmance through the higher courts.

In this case appearances are entirely different. Nell St. John came to the trial. She took the witness stand and testified in her own behalf as to her dealings with Loeffler, her confidence in him, her ignorance of the usury, and her receipt of only the legal interest. She also explains her absence from the city on other occasions.

The trial justice had different evidence upon which to base conclusions and found as above quoted that the plaintiff had no participation in violating the law. This resulted in a judgment in her favor. The results of the two actions on their face are inconsistent. The practice and proceedings, however, are in perfect harmony with the proper administration of justice. The law can only make its judgments after the facts are determined and the facts are dependent upon human agencies for their proof. It is not at all unusual for two cases arising out of the same transaction to result in different judgments because there is lacking in the one that element of proof which exists in the other. (*St. John* v. *Andrews Institute*, 192 N. Y. 382, 389.)

The different findings in these two cases evidence the equity and flexibility of the law to meet conditions and situations and not any inconsistency in the law itself.

For the very reason, however, that the plaintiff is not charged with usury makes the mortgage good as to her. She in this action is suing the defendant because of a breach of warranty or the falsity of his estoppel certificate. She has proved that there has been no breach of warranty by the defendant and that the estoppel certificate is true. The defendant covenanted in the assignment " that there is now owing upon said mortgage, without offset or defense of any kind, the principal sum of $1,500

## 276

and interest thereon at the rate of six per cent per annum from the 16th day of December, 1908." The findings show that as to this plaintiff the certificate is true and the covenant has not been broken. Upon the delivery of the assignment and the bond and mortgage and the payment by Loeffler of the cash, there became due to the plaintiff the sum of $1,500 on the date mentioned with interest at six per cent, and to this mortgage there was no valid defense. All of these facts plaintiff has proved and they have been found by the trial justice and affirmed by the Appellate Division in the manner stated. It is true that the plaintiff did not recover in the foreclosure case and that it was there held that no sum was due upon the bond and mortgage because of usury. This was due, as above explained, to the nature of the proof in that case and the plaintiff's neglect or failure to appear and testify. The defendant in this case, however, was not bound by any such finding and could prove, as a defense, that there was no usury, that 'his covenant was not broken and that his certificate was true. If in the foreclosure case the defendants had proved fraud, or that the bond and mortgage were a forgery, or had been paid, the defendant nevertheless in this case could prove the contrary and show a valid binding mortgage.

The difficulty is that the defendant pleaded his own culpability and alleged as a separate and distinct defense that the bond and mortgage were executed and delivered by Jerre F. Collins and his wife without consideration and that the bond, mortgage and assignment and estoppel certificate were executed and delivered in furtherance and as part of an unlawful scheme to exact a usurious rate of interest or discount and that the plaintiff had full notice and knowledge thereof. The defendant failed in his defenses. The plaintiff, however, proved the validity of the mortgage and the truth of the estoppel certificate. How can a recovery be had upon the basis that the estoppel certificate was false and the covenant broken?

The plaintiff alleged a breach of warranty and proved there was no breach.

For the reason, therefore, that the plaintiff has failed to establish her cause of action, the judgment of the Appellate Division must be affirmed, with costs in all courts.

CHASE, COLLIN, CARDOZO and ANDREWS, JJ., concur; HISCOCK, Ch. J., and POUND, J., concur in result.

Judgment affirmed.