MARY G. LASHER, as Administratrix, etc., of MARY GROVENE LASHER, Deceased, Plaintiff, *v.* WILLIAM A. McADAM and Another, Defendants.

Supreme Court, Jefferson County, May 2, 1925.

Motor vehicles — action against driver of motor truck to recover for death of plaintiff's intestate — prior action against owner of truck was decided in favor of defendant — said judgment is bar to this action — complaint dismissed.

The complaint in an action against the driver of a motor truck to recover for the death of plaintiff's intestate will be dismissed, where it appears that a prior action against the owner of the motor truck to recover damages for the same death was decided in favor of the defendant therein after a jury trial, that no appeal has been taken from that judgment and that the time within which to take an appeal has expired. If recovery could not have been had against the owner of the truck, recovery cannot be had against the driver thereof who was the owner's agent or servant.

MOTION by the defendant Hirschel Bickelhaupt, by his guardian *ad litem*, Carrie Bickelhaupt, for judgment dismissing the complaint herein against the defendant Hirschel Bickelhaupt on the ground that there is an existing final judgment of a court of competent jurisdiction rendered upon the merits, determining the same cause of action.

*Breen, Reeves & Smith*, for the plaintiff.

*Cobb, Cosgrove & Kimball*, for the defendant Hirschel Bickelhaupt.

SMITH, E. N., J.:

Heretofore the plaintiff commenced an action in this court against Leonard Bickelhaupt, the father of said defendant Hirschel Bickelhaupt, in which plaintiff sought to recover damages against said Leonard Bickelhaupt on account of the alleged negligence of said Hirschel Bickelhaupt in causing the death of said Mary Grovene Lasher. Leonard Bickelhaupt was the owner of a truck driven by his son, the defendant Hirschel Bickelhaupt herein, who was at the time of the accident in the service of his said father. The liability of said Leonard Bickelhaupt in said action was predicated upon his ownership of the truck driven by the son on the father's business and upon the negligence of said Hirschel alleged to have caused the accident. That said Leonard was the owner of the truck and it was being operated on his business was conceded. The action was tried at the January, 1925, Trial Term of this court and the jury therein rendered a verdict upon the merits for the defendant Leonard Bickelhaupt; judgment was

entered dismissing the complaint; no appeal therefrom was taken, and the time within which to take an appeal has expired.

It is the contention of the defendant Hirschel Bickelhaupt that said judgment is conclusive upon the plaintiff in this action in that it finally established that he was not liable in damages for the death of Mary Grovene Lasher.

The liability of Leonard Bickelhaupt was " purely of a derivative or secondary character, on the theory of *respondeat superior.*" The active party was the son, Hirschel Bickelhaupt, one of the defendants named in the instant case.

I think the motion to dismiss the complaint should be granted; the relation of principal and agent or master and servant existed between Leonard Bickelhaupt and Hirschel Bickelhaupt, and the doctrine of *respondeat superior* applies. The jury in the action found that the principal, Leonard Bickelhaupt, was not liable, and, therefore, of necessity found that Hirschel Bickelhaupt was not liable. Unless Hirschel was held liable, Leonard could not be held liable. Leonard Bickelhaupt, the principal or master, having been exonerated from liability, it necessarily follows that Hirschel, his agent or servant, is relieved from liability for damages on account of the same event. In support of this view, see *Featherston* v. *N. & C. Turnpike* (71 Hun, 109); *Jepson* v. *International R. Co.* (80 Misc. 247); *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228); *Hein* v. *Sulzberger & Sons Co.* (175 App. Div. 465).

Motion granted, with ten dollars costs. Ordered accordingly.