HERBERT HAVERHILL, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, June 29, 1926.

Judgments — res judicata — plaintiff's motor truck was damaged in collision with defendant's street car — driver of motor truck recovered against defendant herein for personal injuries suffered — judgment in favor of driver is not res judicata of issues in this action by owner for property damages — error to admit record in driver's case and to refuse permit to defendant to introduce evidence.

The plaintiff's motor truck was damaged in a collision between it and one of defendant's street cars. The driver of the motor truck recovered a judgment against the defendant herein for personal injuries suffered by him prior to the trial of this action. The judgment recovered in the driver's action is not *res judicata* as to the issues presented in this action by the owner of the truck to recover property damages, for there is neither identity of parties nor identity of subject-matter in the two actions, and, furthermore, the estoppel claimed to arise out of the judgment in the prior action is not mutual. Accordingly, it was error for the court to admit in evidence in this action the record of the case in the action by the driver and to refuse to permit the defendant to introduce evidence in support of its defense.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 14th day of May, 1925, upon the verdict of a jury rendered by direction of the court on the question of the liability of the defendant and on the verdict of the jury as to the amount of damages.

*Hobert L. Himes* [*Selby G. Smith* of counsel], for the appellant.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the respondent.

DAVIS, J. The plaintiff was the owner of a motor truck which came into collision with a street car of defendant. It was being driven by plaintiff's employee, Frank Frost. As a result of the

collision the truck was damaged and Frost sustained personal injuries. This action was brought to recover for the property damaged.

Prior to the trial of this action Frost had obtained a judgment against defendant in the City Court of Buffalo in an action brought to recover damages for his personal injuries.

On the trial of the present action the plaintiff offered in evidence the record of the City Court case, claiming that it was a determination on the issues of defendant's negligence and the contributory negligence of the driver. It was received over defendant's objection. The defendant offered evidence relative to the accident in an attempt to show freedom from negligence on its part and that the accident resulted from the fault of Frost. This was excluded on the ground that those questions had been adjudicated. The court directed a verdict for plaintiff and submitted only the question of damages to the jury. The exceptions taken to these rulings are the basis of this appeal.

The doctrine of *res judicata* is based primarily on the principle of estoppel. Generally speaking, to make a judgment a bar to a subsequent action there must be identity of parties and identity of subject-matter of the action; and the operation of estoppel must be mutual. There are exceptions to these rules which it has been necessary for the courts to apply to prevent unjust results.

As between the same parties an issue once determined remains thereafter conclusive. It is common knowledge that a judgment is not binding on a stranger who had no immediate interest in the controversy.

Complete identity of the parties is not essential. One may be bound if he was in privity to a party and to the subject-matter of a litigation previously determined. Privity means mutual or successive relationships to the same rights of property. The estoppel of a judgment on parties affects their claims on the property. The natural application of the rule is in actions *in rem* through "estoppel by record" as against privies in law, estate or in blood.

But in the development of remedies the doctrine could not be so narrowly limited. Obligations arise on contract and in tort where remedies must be applied in actions *in personam*. The fundamental doctrines of estoppel depending upon privity cannot rationally be applied, though courts have attempted to extend the term "privies" to include relationships not originally embraced in it. (*Taylor* v. *Sartorious*, 130 Mo. App. 23.) Often there is no privity between a principal and his agent, and generally none between master and servant. (1 Freem. Judg. [5th ed.] § 469.)

Nevertheless, a sound public policy demands that successive trials of the same issue of fact shall not be allowed to a party although he select different parties as defendants not technically privy to the preceding judgment or the immediate controversy in which it was granted. Having had one fair trial of an issue, whether on a contract like a joint and several note or in any other action brought against one party liable wherein the merits of a claim or defenses are common to all co-obligors — and having been unsuccessful, the plaintiff cannot try it again against other obligors. (*Spencer* v. *Dearth*, 43 Vt. 98; *Taylor* v. *Sartorious, supra.*)

A similar rule exists in tort actions where a servant who was the immediate actor is sued on his personal liability for negligence. The action results in a judgment for defendant. Plaintiff then sues the master. There is no privity between a master and servant except in the rare instances where the master directs the servant's acts. (*Castle* v. *Noyes*, 14 N. Y. 329.) If the former did not control the acts of the latter at the time the transaction occurred, and his instructions were to act with care, the master's liability depends upon the doctrine of *respondeat superior*. The liability is purely of a derivative or secondary character. In such cases the action is barred by the previous judgment in favor of the servant. (*Snyder* v. *Trumpbour*, 38 N. Y. 355; *Pangburn* v. *Buick Motor Co.*, 211 id. 228; *Hein* v. *Sulzberger & Sons Co.*, 175 App. Div. 465; *New Orleans, etc., R. R. Co.* v. *Jopes*, 142 U. S. 18; *Bigelow* v. *Old Dominion Copper Co.*, 225 id. 111, 127.

Without written opinion we have recently held this rule applicable in an action against the servant, when the same issue had been tried in an action brought against the master, resulting in a verdict in his favor. (*Lasher* v. *Bickelhaupt*, 217 App. Div. 718.) ° The rule making such judgments a bar must find its justification in the public policy before referred to. It is a recognition of the need of finality to litigation; and that having been permitted one fair opportunity to present his grievance to the court, a party must then be content. It is, as has been said, " a rule of rest " similar in purpose to the Statute of Limitations.

The application of this rule at times creates an exception to the strict mutuality rule. Under such circumstances the technical doctrine of mutual estoppel must be abandoned. While an adverse judgment may estop a plaintiff, success against one held liable does not make the judgment conclusive against others sought to be held liable on a similar state of facts, even though it involves the same transaction. The reason for this rule may at times depend on an election, where the plaintiff could have joined all in a single action. (1 Freem. Judg. [5th ed.] § 429.) But more often it

depends upon another well-recognized policy of justice, that every man is entitled to his fair day in court to be heard in his own behalf, and control the conduct of the prosecution or defense of the action.

Although the plaintiff may be bound by an unsuccessful termination of an action brought against one of several who may be liable, a judgment against one defendant is not conclusive in a separate action brought to trial subsequently against another party, although he was a participant in the same transaction and the evidence will be substantially the same. The new party had no opportunity to defend in the former action. He could neither call witnesses of his own nor cross-examine those of the plaintiff. If the judgment was obtained through vital errors of any nature, he could not take advantage of them by review on appeal. His rights would be entirely at the hazard of the acts of another person, perhaps indifferent and incompetent in maintaining them. This is contrary to sound principles controlling controversies in the courts. Common experience tells us that " It is not at all unusual for two cases arising out of the same transaction to result in different judgments because there is lacking in the one that element of proof which exists in the other." (*St. John* v. *Fowler*, 229 N. Y. 270, 275.) In such cases we return to reliance on the doctrine of privity in its broader sense. In *Sturbridge* v. *Franklin* (160 Mass. 149) it is said: " It creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts." (See, also, *Old Dominion, etc., Co.* v. *Bigelow*, 203 Mass. 159; affd., sub nom. *Bigelow* v. *Old Dominion Co.*, 225 U. S. 111.)

Here there is neither privity between the parties nor identity of the subject-matter. The defendant was not active to seek redress for injury done to its property by either plaintiff or his servant. It was sued in an inferior court, evidently on a small claim for personal injuries. Evidence to establish its defense may not have been available, at least it called no witnesses. Again it is brought into court to defend, as might have happened, if in an accident several persons not related to each other had been injured. Controlling authorities on the precise question are not cited in the briefs and I have found none after a somewhat extended search.

The relation of master and servant does not, as I have said, connote privity. In analogous cases other relations equally or still more close do not make a judgment conclusive on a party although the same evidence may be relied on and regardless of whether the party claiming the right is a new plaintiff, or one

again made defendant. Thus a husband and wife are not· bound by a judgment either in contract or tort against the other involving the same transaction, nor is the adverse party so bound. (*Stamp* v. *Franklin,* 144 N. Y. 607; *Neeson* v. *City of Troy,* 29 Hun, 173; *Groth* v. *Washburn,* 39 id. 324; *Duffee* v. *Boston Elevated R. Co.,* 191 Mass. 563; *Womach* v. *City of St. Joseph,* 201 Mo. 467.)

Likewise as between father and son there is no privity unless the action is representative. (*Furlong* v. *Banta,* 80 Hun, 248; *Malsky* v. *Schumacher,* 7 Misc. 8.) There are many other relations between parties where one is not bound by a judgment against the other although the identical transaction and issues are involved and the evidence relied on is to a large extent the same. (*Sage* v. *United States,* 250 U. S. 33; *Masten* v. *Olcott,* 101 N. Y. 152; *Fish* v. *Vanderlip,* 218 id. 29; *U. S. Fire Ins. Co.* v. *Adirondack, etc., Corp.,* 206 App. Div. 584; *Chapman* v. *Waterman Co.,* 176 id. 697; appeal dismissed, 221 N. Y. 637; *Collins* v. *Hydorn,* 135 id. 320; *Davis* v. *Bonn,* 13 Misc. 331; affd., 16 id. 19; *St. John* v. *Fowler, supra.*)

Reasoning both by analogy and from principle my conclusion is that the relation of master and servant existing between the plaintiff and Frost in this case did not create such privity that the master was entitled to regard Frost's· action as determinative of the issues in the action in which the master was plaintiff, and did not bring the case within that limited class of exceptions to the privity rule which I have pointed out.

Identity of subject-matter, as I have said, is one of the elements of estoppel which as a general rule constitutes a bar to an action. There must be identity of the thing demanded and identity of the cause of demand. An injury to the person and an injury to property are two separate wrongs. They may arise as the result of one tortious act and in a single transaction. A judgment for damages in one case is not a bar to the maintenance of another action in another court even by the same party, although necessarily supported by the same evidence. (*Reilly* v. *Sicilian Asphalt Paving Co.,* 170 N. Y. 40.) The distinction between the two causes of action becomes more manifest when the parties who sustained damage are different. The plaintiff had no interest in the action for personal injuries brought by Frost. The latter had the right to employ his own attorney and conduct the action in his own way without interference by the master. The cause of action and the resulting judgment were his own. The cause of action for injury to the truck was a property right belonging to plaintiff in which Frost had no interest.

The estoppel must be mutual, that is, if one party is estopped then the same rule must be applied to the other. This is a funda-

mental doctrine of *res judicata* subject to the exceptions I have stated, where a party actively seeking redress makes choice of a defendant to be sued and obtains a fair trial of the issue. Otherwise in actions *ex delicto* the mutuality rule is operative. (*Atlantic Dock Co.* v. *Mayor,* 53 N. Y. 64, 68; *Booth* v. *Powers,* 56 id. 22; *Nelson* v. *Brown,* 144 id. 384, 390; *St. John* v. *Fowler, supra; Bigelow* v. *Old Dominion Copper Co.,* 225 U. S. 111, 131.)

Here if the defendant had sued Frost for his personal negligence in damaging the street car and had recovered a judgment, that judgment would not have been conclusive evidence of Frost's negligence in a subsequent action to recover against plaintiff for the latter could not have controlled the defense. (*Fish* v. *Vanderlip, supra,* 37.)

Frost was liable to the plaintiff if the truck was damaged by his negligence. (*Still* v. *Hall,* 20 Wend. 51; 7 Labatt Mast. & Serv. [2d ed.] 8011, 8013.) If plaintiff had sued Frost, the latter could not have put in evidence his judgment against the defendant as conclusive upon the question of his negligence.

It seems quite clear, therefore, that in this case the fundamental elements of *res judicata* are lacking and the facts bringing it within the well-recognized exceptions are not present. If the parties were desirous of settling the entire controversy in one litigation, the actions might have been consolidated, even though in separate courts (Civ. Prac. Act, §§ 96, 97); or parties having an interest might have been brought into the action under section 193 of the Civil Practice Act, in the sound discretion of the court. (*Fisher* v. *Bullock,* 204 App. Div. 523; appeal dismissed, 237 N. Y. 542; *Fedden* v. *Brooklyn, etc., Terminal,* 204 App. Div. 741.)

The judgment was not competent evidence and should have been excluded; the defendant should have been permitted to offer its evidence on the cause of the collision; and the question as to which party was negligent should have been submitted to the jury.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to defendant to abide the event.