EDWARD WOLF, Appellant, *v.* LELAND KENYON, Respondent.

Third Department, July 6, 1934.

*John F. Lucey,* for the appellant.

*Ainsworth & Sullivan* [*John J. Connors, Jr.,* and *Warner M. Bouck* of counsel], for the respondent.

BLISS, J. Plaintiff appeals from an order granting defendant's motion under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits, determining the cause of action and issues herein presented, which judgment is a bar to the maintenance of this action.

The complaint is founded in negligence. Plaintiff alleges that he has suffered damages as the result of a collision between an automobile owned and operated by him and an automobile operated by the defendant. The defendant in his motion papers shows, and it is undisputed, that the plaintiff first instituted an action against one William A. Verkleir for the same damages resulting from the same collision and the operation of the same automobile by the present defendant Kenyon and that in such prior action the plaintiff alleged in his complaint and it was admitted by the answer of the defendant Verkleir that at the time of the collision the defendant's automobile " was operated and controlled by Leland Kenyon, an employee of the defendant, in the defendant's business and with the defendant's consent." The trial of the prior action resulted in a verdict of a jury of no cause of action and a final judgment on the merits in favor of the defendant.

We must here decide whether a plaintiff, who first brings action against the master for the negligent act of the servant and fails on the merits, may bring a second action against the servant for the same negligent act.

Under the doctrine of *res judicata* an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties or their privies in all other actions on the points in issue and adjudicated in the first suit. (Freeman Judgments [5th ed.], 1322.) The prior judgment is a bar to subsequent litigation of the same matters between the same parties or their privies. "What is privity? As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property." (*Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111, 128.) Strictly speaking, master and servant are not in privity but where the relationship is undisputed and the action is purely derivative and dependent entirely upon the doctrine of *respondeat superior*, it constitutes an exception to the general rule. Nor does the lack of mutuality affect the exception. " It is a principle of general elementary law that the estoppel of a judgment must be mutual. * * *

"An apparent exception to this rule of mutuality has been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff. * * * The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee. * * *

" ' It would seem on general principles that if the party who actually causes the injury is free from all civil and criminal liability therefor, his employer must also be entitled to a like immunity. * * * If the immediate actor is free from responsibility because his act was lawful, can his employer, one taking no direct part in the transaction, be held responsible? * * * The question carries its own answer; and it may be generally affirmed that if an act of an employee be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor.' " (*Bigelow* v. *Old Dominion Copper Co.*, *supra*, 127.)

In *Featherston* v. *N. & C. Turnpike* (71 Hun, 109, at p. 111) the General Term, Second Department, wrote: " The relation

between Shafer and the defendant was analogous to that of principal and agent, or principal and surety, or master and servant, and the rule in such cases is that a judgment in favor of the principal or the surety upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action."

And in *Jepson* v. *International Railway Co.* (80 Misc. 247, 249) the court said: " If the principal is exonerated from liability for the negligent acts of the agent, done for him, by reason of the contributory negligence of the injured person, it would seem that the agent must also be relieved from liability for the same acts."

In *Castle* v. *Noyes* (14 N. Y. 329), an action in replevin, the Court of Appeals held that the doctrine of estoppel by judgment applied where the present defendant had been an unsuccessful plaintiff in a prior trover action against the plaintiff's servant for conversion of the same personalty and had there raised and litigated the identical issues which were later presented as defenses in the replevin action and which it sought to again litigate. The court said that the parties were to be regarded as the same even though it was the plaintiff's servant and not the plaintiff who was a party to the prior action assigning as a reason the fact that the master was liable to indemnify the servant in the first action. In the instant case we have the converse of the situation in *Castle* v. *Noyes*. Here the master might recover over against the servant for loss sustained by the master because of the servant's negligence.

So far as we are able to learn, the only instance where this identical question has been previously up in this State was in *Lasher* v. *McAdam* (125 Misc. 685). There, in a negligence action, the master was first sued unsuccessfully. A subsequent action was brought against the servant and the Special Term held that the prior judgment constituted a bar. This decision was affirmed without opinion by the Appellate Division, Fourth Department (217 App. Div. 718).

The plaintiff here contends that on this second trial of these issues his proof would be different, in that he would be allowed to prove admissions made by the servant which would be competent against the servant, but which were not admissible on the trial against the master. To some extent this may be true but he was aware of this situation when he elected to sue the master alone. This reason is not of suffiicent moment to counterbalance the impelling force of the arguments to the contrary.

We hold that the judgment in the previous action is a bar here. The plaintiff has but one cause of action, if any. This lies against the servant for his own acts and against the master because he must respond for the negligent acts of his servant. The plaintiff may proceed against either one or both. He may recover from only

one. By whichever path he elects to travel, the issues which he must meet are the same. They are the negligence of the servant and the plaintiff's own freedom from contributory negligence. If the servant was not negligent then the plaintiff cannot recover from the master. If the servant was negligent then the liability of the master has origin in such negligence of the servant. As was stated by the Court of Appeals in *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228), " the appellant's [master's] liability was purely of a derivative or secondary character on the theory of *respondeat superior.*" The master's liability is not that of a joint tort feasor and may be predicated only upon the negligence of the servant. The plaintiff here elected first to bring action against the master alone. In that action the issues were the negligence of the servant and the freedom from contributory negligence of the plaintiff. The plaintiff now seeks to try those same identical issues again. He has had one day in court on them and now seeks a second. A court of competent jurisdiction has once decided that the plaintiff had no cause of action based upon these alleged issues. Upon both principle and precedent the plaintiff cannot succeed.

The order should be affirmed, with costs.

HILL, P. J., RHODES, MCNAMEE and CRAPSER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.