Edward T. Hogan, J.
This is an application for leave to renew a motion to permit the defendant to serve an amended answer so as to include the defense of res judicata to the first cause of action. That first cause of action is brought by the widow under the laws of the State of Florida to recover for the wrongful death of her husband in an accident which took *287 place in Florida on January 31, 1953 between an automobile operated by her husband and a trailer truck registered in the name of the defendant Clay Hyder.
In the first motion defendant sought to plead a judgment obtained in the Ninth Judicial Circuit Court of Florida in favor of Leon Hyder, who is the son of the defendant, and against the wife as administratrix of her husband for $5,000 property damage as a bar to her action to recover for the wrongful death in New York. This motion was denied on May 14, 1956 on the ground that there was no showing that Clay Hyder and Leon Hyder were one and the same person. There is still no showing that they are one and the same person; in fact, the showing is exactly the opposite, and it is now the law of this case that on that state of facts the Florida judgment may not be pleaded.
Additionally, it should be pointed out that there is no identity between the defendant in the Florida action, to wit, the administratrix of the estate of James Sanatar, and the plaintiff in the New York action, viz., the widow who apparently corresponds to the next of kin for whom a New York action would be brought.
Another compelling reason for denying this motion is the fact that the so-called judgment was merely a consent affair arranged by Sanatar’s insurance carrier about which his widow had nothing to say, so it scarcely can be said to constitute a concession of liability on her part. Furthermore, a release was executed by the plaintiff in the Florida action which recited, “that it shall never be construed as an admission of liability by, nor pleaded in bar of, any action brought by or on behalf of the party (ies) hereby released ”, yet that is exactly how the defendant now seeks to use the judgment which was part and parcel of this release.
Since there is a lack of identity between the parties on both sides of this litigation, the moving party must necessarily rely upon the doctrine of collateral estoppel, as set forth in Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14) and other cases, and not on a true res judicata. However, the doctrine of collateral estoppel has its limitations. One of them is delineated in Haverhill v. International Ry. Co. (217 App. Div. 521, affd. 244 N. Y. 582) wherein it was held that in actions ex delicto mutuality of estoppel is essential, except where the party to be bound has actively sought redress, made a choice of defendants to be sued and obtained a fair trial of the issue. None of these exceptions fit the case here.
*288 Another limitation which is particularly applicable to this case is set forth in the Restatement of the Law of Judgments by the American Law Institute (§ 68, p. 293): “ (2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action.” In other words, in a case of collateral estoppel, in order for the judgment to constitute a bar to further litigation, it is not enough that the issue might have been litigated in the original action, it must in fact have been so litigated.
Motion denied. Short-form order signed.