Joseph F. Gagliardi, J.
Petitioner seeks review of the New Rochelle Municipal Housing Authority’s determination to continue its proceedings to evict her. She is a domestic who occupies a 4-room apartment in respondent’s premises with her three children, ages 6, 4 and 13 months, respectively.
At one time, she shared the apartment as wife and husband with Robert Johnson. But their marriage was difficult, resulting on occasion in assault charges being filed against him by her, and culminating in a divorce action being commenced in this court by him. She chose to default in the action. After a matrimonial inquest in which a female witness testified to having recognized the face of a man in the petitioner’s apartment window, a judgment of divorce on the usual grounds of adultery was entered in Robert’s favor on August 26, 1963. Petitioner now denies the commission of the alleged act or acts of adultery. Rather she maintains that she allowed her desire to be free of maltreatment to persuade her not to contest the divorce.
Subsequently, petitioner leased the apartment in her own right. But, thereafter, respondent received letters and oral complaints from Robert Johnson accusing petitioner of illicit relations with a named man in the apartment. Petitioner claimed she had a letter from Robert Johnson retracting the accusations.
There is some question in the record surrounding the birth of the youngest child in February or March, 1963, after petitioner’s separation from her husband. But her claim that he returned for some period of time after their separation is uncontradicted. Respondent concedes that its determination must be supported by “ substantial evidence ” and the important question is whether such evidence has been supplied by the judgment of divorce obtained against petitioner by Robert Johnson on grounds of adultery. Petitioner contends that respondent cannot evict upon that ground without proper promulgation of a regulation prohibiting adultery. Neverthe *140 less, I rule that a landlord’s interest in preventing illicit relations on his premises is such that no formal regulation need be posted (cf. Matter of Truckenbrodt v. Smith, 19 A D 2d 907).
It is clear that the judgment cannot be admitted as some kind of admission on petitioner’s part, for she merely remained silent choosing not to answer the complaint. On the other hand, the judgment is conclusive against her in favor of her former husband unless and until it is set aside. But is it conclusive or even admissible against her at the instance of respondent Housing Authority which is in no way a privy of her former husband? That raises the question of mutuality of estoppel. A person who is not a party or a privy to a party cannot be estopped by a judgment recovered against him. “ Nor does a judicial determination against a party bar him from contesting the same issues with a stranger to the original litigation.” (Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480, 494.) In Haverhill v. International Ry. Co. (217 App. Div. 521), plaintiff’s employee truck driver was injured in an accident and recovered judgment. His employer then sued the same defendant for the damage to the truck and introduced the record and judgment in favor of his employee. The trial court directed a verdict thereupon in favor of plaintiff but the Appellate Division reversed and ordered a new trial, ruling that the prior judgment was inadmissible in evidence. It was pointed out that the plaintiff was not bound by the prior proceedings nor should the defendant be. So, too, this respondent board was not bound or interested in any way in the uncontested matrimonial action. It cannot seize upon the judgment rendered thereon as evidence of adultery. That judgment is the only possible legal basis for this determination. Since it is inadmissible, the determination is annulled and the petition is granted.