Carman F. Ball, J.
If a plaintiff is no caused on the issues of negligence or contributory negligence in a suit against the owner of an automobile, is this no-cause judgment available as a res judicata defense as to these same issues in a subsequent action brought by the same plaintiff against the operator of the automobile, if the operator was not a party in the first action? This is the question to be determined on this motion.
*817 Plaintiff argues that the defense of res judicata is available only to those who were adversary parties in the prior action, or their privies. There is little question that this is the general rule. (Glaser v. Huette, 232 App. Div. 119, affd. 256 N. Y. 686; Minkoff v. Brenner, 10 N Y 2d 1030.)
However, the plaintiff overlooks a well-established exception to this general rule. This exception is summarized as follows in a note at 133 A. L. R. 181, at page 193: ‘ ‘ Likewise, in the majority of cases in which the question has arisen, it has been held that where a negligence action against a party who would be derivatively responsible for any negligence resulted in a judgment for the defendant, such judgment is res judicata, or conclusive, as to the issue of negligence, in an action by the same plaintiff for the same wrong against the party primarily liable.”
The general rule, as well as this exception, is explained in an opinion by Justice Davis of the Fourth Department, Appellate Division in Haverhill v. International Ry. Co. (217 App. Div. 521, affd. 244 N. Y. 582). Justice Davis wrote as follows (pp. 522-523):
“ The doctrine of res judicata is based primarily on the principle of estoppel. Generally speaking, to make a judgment a bar to a subsequent action there must be identity of parties and identity of subject-matter of the action; and the operation of estoppel must be mutual. There are exceptions to these rules which it has been necessary for the courts to apply to prevent unjust results.
“ As between the same parties an issue once determined remains thereafter conclusive. It is common knowledge that a judgment is not binding on a stranger who had no immediate interest in controversy.
“ Complete identity of the parties is not essential. One may be bound if he was in privity to a party and to the subject-matter of a litigation previously determined. Privity means mutual or successive relationships to the same rights of property. The estoppel of a judgment on parties affects their claims on the property. The natural application of the rule is in actions in rem through ‘ estoppel by record ’ as against privies in law, estate or blood.
“ But in the development of remedies the doctrine could not be so narrowly limited. Obligations arise on contract and in tort where remedies must be applied in actions in personam. The fundamental doctrines of estoppel depending upon privity cannot rationally be applied, though courts have attempted to extend the term ‘ privies ’ to include relationships not originally embraced in it. (Taylor v. Sartorious, 130 Mo. App. 23.) Often *818 there is no privity between a principal and his agent, and generally none between master and servant. (1 Freem. Judg. [5th ed.] § 469.) Nevertheless, a sound public policy demands that successive trials of the same issue of fact shall not be allowed to a party although he select different parties as defendants not technically privy to the preceding judgment or the immediate controversy in which it was granted. Having had one fair trial of an issue, whether on a contract like a joint and several note or in any other action brought against one party liable wherein the merits of a claim or defenses are common to all co-obligors — and having been unsuccessful, the plaintiff cannot try it again against other obligors. (Spencer v. Dearth, 43 Vt. 98; Taylor v. Sartorious, supra.)
11 A similar rule exists in tort actions where a servant who was the immediate actor is sued on his personal liability for negligence. The action results in a judgment for defendant. Plaintiff then sues the master. There is no privity between a master and servant except in the rare instances where the master directs the servant’s acts. (Castle v. Noyes, 14 N. Y. 329.) If the former did not control the acts of the latter at the time the transaction occurred, and his instructions were to act with care, the master’s liability depends upon the doctrine of respondeat superior. The liability is purely of a derivative or secondary character. In such cases the action is barred by the previous judgment in favor of the servant. (Snyder v. Trumpbour, 38 N. Y. 355; Pangburn v. Buick Motor Co., 211 id. 228; Hein v. Sulzberger & Sons Co., 175 App. Div. 465; New Orleans, etc., R. R. Co. v. Jopes, 142 U. S. 18; Bigelow v. Old Dominion Copper Co., 225 id. 111, 127.)
‘1 Without written opinion we have recently held this rule applicable in an action against the servant, when the same issue had been tried in an action brought against the master, resulting in a verdict in his favor. (Lasher v. Bickelhaupt, 217 App. Div. 718.) The rule making such judgments a bar must find its justification in the public policy before referred to. It is a recognition of the need of finality to litigation; and that having been permitted one fair opportunity to present his grievance to the court, a party must then be content. It is, as has been said, 1 a rule of rest ’ similar in purpose to the Statute of Limitations.” (Emphasis supplied.)
This exception has been held applicable to cases where the relationship between the defendant in the first action and the defendant in the second action is that' of principal and agent, master and servant, or indemnitor and indemnitee. (Lasher v. McAdam, 125 Misc. 685, affd. as Lasher v. Bickelhaupt, 217 *819 App. Div. 718 [4th Dept.]; Wolf v. Kenyon, 242 App. Div. 116.) It has also been held applicable to the situation where the relationship is that between the owner and operator of an automobile, where the owner’s liability is derivative, being based on the provisions of section 59 of the Vehicle and Traffic Law [now § 388], which is the situation in the instant case. (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14, discussed in Elder v. New York & Pa. Motor Express, 284 N. Y. 350.)
The facts in the instant case are, briefly, as follows: Infant plaintiff was injured while he was a passenger in an automobile owned by one, Wiltse. Wiltse had given permission to Rosemary Pauley and Thomas Calkins to use the car, and the latter were in the car, along with the infant plaintiff and a fourth person, when the car went off the highway into a fence. No other ear was involved in the collision.
Thereafter, the infant plaintiff and his father instituted an action against Wiltse, as owner, and Rosemary Pauley, as driver of the car. At the trial, Rosemary Pauley testified that, at the time of the accident she was not driving, but that Thomas Calkins was driving. Calkins was subpoenaed by the defendants and also testified that he was operating the car at the time of the accident. That both of them had had permission from the owner to use and operate the car was testified to, and not controverted. There was testimony that each of the four occupants of the ear, including the infant plaintiff, had had a considerable number of alcoholic drinks just prior to the accident.
The court charged the jury, in effect, that it did not matter whether Rosemary Pauley or Thomas Calkins was the operator, if they found that the car had been operated negligently, Wiltse, as owner, could be held liable, since he had given both of them permission to operate the car, as appeared by the uncontroverted testimony. There was no exception to this charge.
The court also properly charged the jury on the issue of contributory negligence on the part of the infant plaintiff.
The jury brought in a verdict of no cause for action against the plaintiffs and in favor of defendants Wiltse and Pauley. There has been no appeal from the judgment entered on the verdict.
Thereafter, the plaintiffs instituted the present action against said Thomas Calkins, for the same injuries and damages resulting from the same accident, and in this action they are alleging that Thomas Calkins was the operator of the automobile, and that the accident and resulting injuries , and damages were due to his negligence.
*820 It is apparent that the jury has already determined, in the prior action, that the automobile had not been operated negligently, or that, in any event, the infant plaintiff had been guilty of contributory negligence. It is on one or the other of these grounds that they must have based the verdict against the plaintiffs in their prior action in which the owner of the ear was a party defendant.
For the reasons set forth above, the court holds that the prior judgment is res judicata.
Motion granted. Submit order.