Bergan, J.
(dissenting). While plaintiff Mary Cummings was driving a car southerly in Route 9 near Schroon Lake, a front tire blew out and the car went across the highway to the left side where, as it was coming to a .stop, it collided on the shoulder with a car driven in a northerly direction by defendant Bernard Dresher and owned by defendant Standard Electric Co., Inc. Plaintiff Martin Cummings owned the southbound car.
Defendant Bernard Dresher and his brother Henry Dresher, who was a passenger in the northbound car, sued the present plaintiffs, Mary and Martin Cummings, in the United States District Court for personal injuries. After a trial, and based on verdicts of the jury, a judgment was entered in the District Court in favor of the passenger Henry Dresher against Mr. and Mrs. Cummings; and in the cause of action by Bernard Dresher against Mr. and Mrs. Cummings, judgment was entered for defendants.
In returning the verdict for the defendants Martin T. and Mary E. Cummings, the jury said “ we find the defendant [sic] guilty of negligence and the plaintiff guilty of contributory negligence to a very minor degree ”. In response to this the court directed the Clerk to receive the verdict in proper form by saying “ You have to now complete that. You should ask whether the verdict is no cause of action”. Juror No. 12 interposed: “ Yes, Your Honor.”
. The court continued, addressing the Clerk: “ You should ask the jurors.” Whereupon the Clerk said: “Ladies and gentlemen, your verdict in the case of Bernard Dresher against Cummings is one of no cause of action in favor of the defendant [sic] and so say you all ? ” The jurors said “Yes. Yes. ” Upon this, the judgment for the defendants, the present plaintiffs, was entered in the action of Bernard Dresher.
The main problem is whether there has resulted from that former action a binding adjudication in favor of defendant Dresher against plaintiffs Cummings which would preclude a recovery in this present action, based on negligence, between the same parties for damages arising from the same accident. The court at Special Term denied defendants’ motion for summary judgment and the Appellate Division affirmed but granted permission to appeal here,
The question has two separable aspects: (a) the effect of the judgment for the passenger Henry Dresher against the present *111 plaintiffs Cummings; (b) tile effect of the judgment for the present plaintiffs in the defendant Bernard Dresher’s action against them and legal influence, if any, upon that judgment, of the jurors’ “ findings
The judgment in favor of the passenger Henry Dresher against Mr. and Mrs. Cummings must he regarded as deciding, between those .specific parties, that Mrs. Cummings was negligent and the passenger Dresher free from negligence.
But those parties are not these parties; and there is tío suggestion of relationship, identity; or privity between Henry Dresher as passenger in the defendant Standard Electric’s car and his brother Bernard as its driver, which would pass on to either driver or owner any legal benefit from Henryks adjudication against plaintiffs.
Indeed, Henry was free to sue either Ms brother or Standard Electric and his success in litigation with the Cummings carries no benefit to the others. This is an occasional result in litigation where parties not in a relationship of privity with others, and acting without a nexus of derived responsibility to others, are able freshly to litigate with different and legally unrelated parties issues which have been decided between themselves.
The rule is not easy to state simply, but it is well recognized. There is continuous need to distinguish and separate off different identities. “ [I]t creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts ” (Sturbridge v. Franklin, 160 Mass. 149, 151; see, also, St. John v. Fowler, 229 N. Y. 270; Old Dominion Copper Co. v. Bigelow, 203 Mass. 159).
A careful discussion of the rule and its inherent perplexities appears in the opinion of Davis, J. in Haverhill v. International Ry. Co. (217 App. Div. 521, affd. 244 N. Y. 582). There a collision occurred between plaintiff’s truck and defendant’s street car. The truck driver, who also was plaintiff’s employee, sued the railway for personal injuries and recovered a judgment. The truck owner then sued the railway company for damage to the truck. The record of the prior judgment was received over defendant’s objection. It was held that there was no mutuality of estoppel and since “ The doctrine of res judicata is based primarily on the principle of estoppel’’ (p. 522), the proof of the prior judgment was held to be inadmissible.
*112 As a matter of defense the situation of the owner of a motor vehicle whose driver has recovered against another owner and driver for personal injuries has been treated somewhat differently and the owner has been allowed to plead the prior adjudication (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14). But the relationship between owner and driver of the car from which a derivative liability was inferred was treated as “ akin to that imposed on a master for the negligent acts of his servant ” (p. 17), and there was a relationship of responsibility between the prior and present parties entirely lacking here.
The absence of such a relationship and hence a refusal to apply the doctrine of res judicata is to be seen in Elder v. New York & Pennsylvania Motor Express (284 N. Y. 350) which clarified somewhat the apparent conflict between International Ry. and Good Health. There had been a collision between two trucks and one owner recovered against the other. When, in a later action by the driver-employee of the successful party against the other, the driver moved for a directed verdict on the basis of the prior adjudication, the refusal to grant the motion was sustained. Decision turned in part on International Ry. Co., regarded as stating one of the “fundamental conceptions” (p. 353); and Good Health was distinguished. There is no basis for treating the prior judgment for Henry Dresher as an adjudication which would impair plaintiffs’ present cause of action against these defendants.
'When we turn to the prior action brought by present defendant Bernard Dresher against Mr. and Mrs. Cummings, we notice full identity of parties and of subject matter. Had Bernard Dresher recovered it would be well to suppose the litigation between these parties ended. But he did not recover; the judgment went against him, and since he was under the necessity of proving both that he was free from negligence and Mrs. Cummings was negligent, the effect of such a defendant’s judgment would normally be that Mr. and Mrs. Cummings would be entitled to show in a new action that Bernard Dresher was negligent- and Mrs. Cummings free from negligence and so recover against him and, derivatively, against Standard Electric.
This part of the problem turns on what was covered in by the adjudication in the prior action between identical parties. The classic test is that the two causes — the one adjudicated earlier *113 and the present one — must “ have such a measure of identity that a different judgment in the second would destroy or ..impair rights or interests established by the first” (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 307) and, of course, there is nothing like that possible here. There are marked similarities between the situation in Daly v. Terpening (261 App. Div. 423, affd. 287 N. Y. 611) and that disclosed by the record in the present case; and United Mut. Fire Ins. Co. v. Saeli (272 App. Div. 951, affd. 297 N. Y. 611) is adequately distinguished in the Appellate.Division opinion.
The jurors’ rationalization of their verdict for defendant expressing their conception that Mrs. Cummings was negligent and Bernard Dresher also negligent, does not alter the legal consequences of the judgment for the Cummings. Uncertainties about what is decided arising from the expressions of jurors must necessarily be deemed settled by the certainties of formal judgments solemnly entered and to yield to those certainties.
"What the court is now deciding is that if the jury renders a general verdict, the judgment will have one consequence; but if ■the jury volunteers to tell the court why it reaches the verdict, the judgment will have a different consequence, i.e., if there had been a general verdict plaintiffs would not now be foreclosed in this action. The consequence of judgments must not- be left to hang on this kind of fortuity.
It is better that the vagaries of jurors’ thinking on legal theories be safely enclosed in the-cocoon of the judgment. A judicial direction for special findings, in turn reflected in a judgment, might put the case in a different light. But it is clear from the record that the Judge was requiring the jury to return a general verdict and the judgment for defendants, Cummings reflected this. This is the effect of the decision in Purpora v. Coney Is. Dairy Prods. Corp. (262 App. Div. 908).
That the procedural effect under the Federal practice of a failure to assert the plaintiffs’ present cause of action by way of counterclaim works as a bar to this action was not pleaded as a defense; nor was it raised or considered at the Special Term, or at the Appellate Division; and no party raised it here. ■
The order should be affirmed 'and the certified question answered in the affirmative.
*114 Judges Burke, Scileppi and Keating concur with. Chief Judge DesmoNd; Judge Fuld concurs in a separate opinion in which Judge YaN Yoorhis concurs; Judge BergaN dissents and votes to affirm in a separate opinion.
Order reversed, etc.